THE COMMONWEALTH BANK OF KENTUCKY, PLAINTIFF IN ERROR, *vs.* THOMAS GRIFFITH AND OTHERS, DEFENDANTS IN ERROR.

Under the twenty-fifth section of the Judiciary Act of 1789, three things are necessary to give the Supreme Court jurisdiction of a case brought up by writ of error or appeal. 1. The validity of a statute of the United States, or of an authority exercised under a state must be drawn in question. 2. It must be drawn in question on the ground that it is repugnant to the Constitution, treaties, or laws of the United States. 3. The decision of the state Court must be in favour of its validity.

When the decision of a state Court is against the validity of a state statute, as contrary to the Constitution of the United States, a writ of error does not lie to the Supreme Court upon such a judgment.

IN error to the Supreme Court of the First Judicial District of the State of Missouri.

Mr. M'Ginnis, of counsel for the defendant in error, moved the Court to dismiss this writ of error for want of jurisdiction.

The action was originally instituted in the Ninth Judicial Circuit of the state of Missouri, on a promissory note given by the defendant in error to the Commonwealth Bank of Kentucky, for the notes of that bank, to the amount of the promissory note. To this action the defendant pleaded several pleas; and among them was one which presented the questions whether the charter of the Commonwealth Bank of Kentucky was a violation of the Constitution of the United States, and whether the notes of the bank were not "bills of credit." The judgment of the Circuit Court was given in favour of the plaintiff, and the defendant removed the cause to the Supreme Court of Missouri by a writ of error.

In the Supreme Court, the judgment of the Circuit Court was reversed; the Court deciding that the notes of the bank were "bills of credit," and prohibited by the Constitution of the United States. The Bank of the Commonwealth prosecuted this writ of error, under the twenty-fifth section of the Judiciary Act of 1789.

Mr. M'Ginnis stated that the only question in the case was, the constitutionality of the charter of the Commonwealth Bank. The Supreme Court of Missouri decided that it was void.

This is not a case within the twenty-fifth section of the Judiciary Act. The decision brought up from the state Court was against the validity of the statute of Kentucky; and it is only when the validity of a state law, as opposed to the Constitution or laws of the United States, has been decided to be in favour of that validity, that the provision of the section in reference to such questions operates. If the Supreme Court of Missouri had decided in favour of the Kentucky law, the case could come to this Court. This would be a case in which there might be supposed to have been an infraction of the Constitution of the United States; but there is no necessity for an

interference with the decisions of state tribunals, where there is no interference with the Constitution. No principle can be urged which would justify such a construction of the Judiciary Act. The protection of the Constitution of the United States was its object, and exclusively so.

Mr. M'Ginnis cited Crowell *vs.* Randal, 10 Peters, 391; and the case referred to in the opinion of the Court.

Mr. Crittenden, for the plaintiff in error, opposed the motion. He referred to the provision in the twenty-fifth section of the Judiciary Act, which authorizes writs of error in cases where is drawn in question the validity of a statute, and the decision is against it.

The state of Kentucky, in the exercise of its reserved rights, had established the Bank of the Commonwealth. She claims under this authority, and relies on the clause of the Constitution which declares all powers not granted by the Constitution to be reserved. She says that by the decision of the Supreme Court of Missouri she is interrupted in the exercise of her reserved rights. She claims to have these rights guarantied to her, and their exercise protected by this Court.

Mr. Chief Justice TANEY delivered the opinion of the Court.

A motion has been made to dismiss the writ of error in this case, upon the ground that this Court have not jurisdiction.

It appears from the record that an action was brought in the Circuit Court of the state of Missouri, for the county of Calloway, by the plaintiff in error, in order to recover the amount due on a promissory note given by the defendant and others to the bank. The defendants, among other things, pleaded " that the note sued on was made by the defendants to the plaintiffs, in consideration of the paper of the said Bank of the Commonwealth of Kentucky, and that the said paper was bills of credit, within the meaning of the Constitution of the United States, issued on the credit of the state." The Circuit Court orverruled this plea, and gave judgment for the plaintiffs. The defendants removed the case to the Supreme Court of the state, where the question above mentioned was again raised; and it was then decided that the notes of the bank were bills of credit, within the meaning of the Constitution of the United States, and that the contract upon which the note in question was given was therefore void: and upon that ground the judgment of the Circuit Court was reversed, and judgment entered for the defendants. The point is, can this judgment of the state Court be re-examined here?

The question depends altogether upon the construction of the second clause of the twenty-fifth section of the act of 1789, which provides that the final judgment or decree of the highest Court of Law or Equity in a state, in which a decision could be had, may be re-examined in this Court upon a writ of error, "where is drawn in question the validity of a statute of, or an authority exercised under any state, on the ground of their being repugnant to the Con-

stitution, treaties, or laws of the United States, and the decision is in favour of such their validity.''

Under this clause of the act of Congress, three things must concur to give this Court jurisdiction.

1. The validity of a statute of a state, or of an authority exercised under a state, must be drawn in question.

2. It must be drawn in question upon the ground that it is repugnant to the Constitution, treaties, or laws of the United States.

3. The decision of the state Court must be in favour of their validity.

In the case before us, the validity of the statute of the state of Kentucky which chartered the Commonwealth Bank, and the authority exercised under that charter, were drawn in question in the state Court; and they were questioned upon the ground of their being repugnant to the Constitution of the United States. But the decision was against their validity, and not in favour of it; and consequently the third contingency which is necessary to give jurisdiction to this Court has not arisen.

In the case of Briscoe and others *vs.* The Commonwealth Bank, 11 Peters, 257, the decision of the state Court was in favour of the validity of the statute. The party therefore who denied its validity, and alleged that it was repugnant to the Constitution of the United States, was entitled to have that question re-examined in the Supreme Court. But it is otherwise, by the plain words of the law, when the decision of the state Court is against the validity of the state statute, or the authority exercised under it.

The policy of this distinction is obvious enough. The power given to the Supreme Court by this act of Congress was intended to protect the general government in the free and uninterrupted exercise of the powers conferred on it by the Constitution, and to prevent any serious impediment from being thrown in its way while acting within the sphere of its legitimate authority. The right was therefore given to this Court to re-examine the judgments of the state Courts, where the relative powers of the general and state government had been in controversy, and the decision had been in favour of the latter. It may have been apprehended that the judicial tribunals of the states would incline to the support of state authority, against that of the general government; and might, moreover, in different states give different judgments upon the relative powers of the two governments, so as to produce irregularity and disorder in the administration of the general government. But when, as in the case before us, the state authority or state statute is decided to be unconstitutional and void in the state tribunal, it cannot under that decision come in collision with the authority of the general government; and the right to re-examine it here is not necessary to protect this government in the exercise of its rightful powers. In such a case, therefore, the writ of error is not given; and the one now before us must be dismissed for want of jurisdiction.

[The Commonwealth Bank of Kentucky *vs.* Griffith et al.]

This cause came on to be heard on the transcript of the record from the Supreme Court of the state of Missouri, holden at the town of Fayette, in the county of Howard, in and for the First Judicial District of said state, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this Court, that this writ of error to the said Supreme Court be, and the same is hereby, dismissed for the want of jurisdiction.