Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 ■ This case comes before us by a writ , of error to the- Court of Appeals of the State of Kentucky.
 

 It has been argued.by counsel, on the merits, without noticing the important , preliminary question of jurisdiction.
 

 Thé power intrusted to this court, of reviewing tire decisions .of State tribunals, is within narrow and well defined limits, and has been, in sonje instances, looked upon with jealousy. Our decisions may fail to command' réspecf, unless we carefully confine- ourselves within the. hounds prescribed for us by - the constitution- and laws. If they havé'nof conferred jurisdictipn, the consent of parties will riot justify its assumption. ■ The record in this case shows; that- the plaintiff declared, m an action on the case, for a disturbance of her right of ferry ; asserting-an-exclusive right, in herself, by virtue of an act of the legislature of Kentucky,, of the 31st' of December, 1829. Tfie' defendants’ first plea (the only one sustained by the
 
 *68
 
 court), after averring a previous grant to themselves, by an act of the 27th of December,' 1820, and other fácts, unnecessary to notice, concludes, as follows : — “ And so the defendants say that tile said act, dated the 31st of December, 1829, purporting to establish a •public .ferry at- the warehouse landing of Owen G. Cates and Robert Walker, fronting their lot No. 3,' in the town of Columbus,, over the Mississippi river to the opposite shore,- is • unconstitutional and void, being an attempt to impair prior vested rights, without '.compensation therefor-; all of which defendants are ready-to verify,” &c.
 

 ’.Te. this plea the plaintiff demurred; the defendants joined in demurrer, and the Circuit Court of Kentucky gave judgment for defendants. The plaintiff then, ¿ppealed' to the Court of Appeals of-that State, who affirmed the judgment of the Circuit Court.
 

 The record, therefore, presented this single' issue, — “Whether •the act of.the legislature of Kentucky, of the 21st of December, 1829, under which the plaintiff claimed title, was unconstitutional and void,”' as being repugnant to the constitution of the United States, ánd the decision of the Court of Appeals, is against its validity.
 

 The twenfy-fifth' section of the act of the’ 24th-of September, 1789, which confers on-this court the power of supervision over the State tribunals, so far. as at present applicable, confines it to cases where -is drawn in question the .validity of a statute of, or ah authority exercised under, any State ón -the ground of their- being repugnant to the constitution or laws of the United States, and the decision is in favor of.such their-validity.”- That this case does .not-come within the category, is too plain to admit- of argument 'or require authority. The reason and. policy of granting to this court the power to. revise the decisions of the State .courts when in favor' •of the validity of .their own' statutes, 'and refusing it to us when die judgment is against -their-validity,.are obvious, and are fully stated by the court in die .ease of The Commonwealth Bank of Kentucky v. Thomas Griffith et al., 14 Peters, 56. That case, is precisely in point with the present, and decides that, — “ Under this clause-of the act of Congress, three things must concur to give this court jurisdiction. 1st. .The validity of a statute of a. State- must be drawn in question. 2d. It must be drawn in question upon the' ground that it is repugnant to the constitution, treaties, or laws- of the United States. 3d. The decision- of the State court must be in favor of-their validity.”'
 

 As the judgment of the Court of Appeals of Kentucky was rendered against the validity of the statute in this case, it must be dismissed for want of jurisdiction.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from -the Court-of Appeals for. the State of Kentucky, and was
 
 *69
 
 argued.by counsel. On consideration whereof, it is now here ordered and adjudged by-this' court that this writ- of error be and the same is hereby dismissed for the want of jurisdiction.