DUNCAN LINTON, CHARLOTTE LINTON AND HER HUSBAND, FRANCIS SURGETTE, STEPHEN DUNCAN GUARDIAN OF MARY LINTON AND JOHN LINTON MINORS, PLAINTIFFS IN ERROR, *v.* FREDERICK STANTON.

Where the highest court of a State decided in favor of a defendant who pleaded his discharge under the bankrupt law of the United States, and the case was brought to this court under the 25th section of the Judiciary Act, this court has no jurisdiction.

It would have been otherwise if the decision had been adverse to the exemption claimed under the law of Congress.

Promises alleged to have been made by the bankrupt after his discharge are not th. subject of jurisdiction under the 25th section. The decision of a State court upon their effect cannot be reviewed by this court.

THIS case was brought up from the Supreme Court of the State of Louisiana for the Eastern District, by a writ of error issued under the 25th section of the Judiciary Act.

The plaintiffs in error, on the 19th June, 1848, filed their petition in the Third District Court of New Orleans, stating themselves to be residents of Mississippi, and the only heirs and representatives of John Linton, deceased, and as such in possession of his property.

That on the 13th May, 1839, the defendant, Stanton, owed the estate of John Linton, then deceased, the sum of $11,446.60, and on that date executed his two promissory notes in favor of Stephen Duncan, (one of the petitioners, and administrator to Linton,) one for $5,856.40, due the 1st April, 1841, the other for $5,590.20, payable the 1st April, 1842.

The petitioners further state, that on the 25th August, 1842, and also on the 25th December, 1843, the defendant promised to pay each of these notes, but has neglected and refused to do so, and that the debt still remains due and unpaid.

The two notes, they state, were made and fell due in the State of Mississippi, where the legal interest on all debts due and unpaid, is 8 per cent. That the defendant lives in Mississippi, but was then in New Orleans.

They pray judgment against him for the amounts of the notes, with interest from 13th May, 1839, till paid, and for general relief.

Stanton filed his exceptions, alleging that the petition did not fully set out and state the nature of the demand, requiring the plaintiffs to state whether the promises charged were verbal or written, and if written, claiming oyer.

Plaintiffs filed two letters from Stanton to Duncan, dated, respectively, the 25th day of August, 1842, and the 25th December, 1843, to which in their supplemental petition they refer as the written evidence of the promises alleged in their original petition, and also charge verbal promises by Stanton to pay, made both before and after the dates of these letters.

To this supplemental petition, Stanton filed his exception, alleging that the verbal promises above charged were insufficiently stated, from failure to mention to whom and when they were made.

The plaintiffs filed an amended petition, stating that these verbal promises were made to Stephen Duncan, the representative of John Linton, on each and every day of the years 1842, 1843, 1844, 1845, 1846, and 1847.

Stanton's answer denies all the allegations of the original and supplemental petitions; and specially pleads, that on the —— day of ——, 1842, he applied to the United States District Court, in and for the State of Mississippi, where he then resided, for the benefit of the bankrupt law of the United States; and after due proceeding had, he obtained his discharge and certificate, and that these proceedings and discharge took place after the date of the note sued on.

Pleads his discharge in bar, and also that the plaintiffs' demand is barred by prescription.

His supplemental answers allege that the notes on which plaintiffs sue, and which were made before his bankruptcy, were secured by a deed of trust or mortgage upon real estate, and that the plaintiffs, or Duncan, for their use, purchased it and paid for the same by said notes, thus receiving payment and compensation. And further, that by the law of Mississippi, verbal promises to pay a debt discharged by bankruptcy are not binding.

Amongst the testimony offered on both sides, the defendant produced the proceedings in bankruptcy.

The District Court of New Orleans decreed in favor of the defendant.

The plaintiffs appealed to the Supreme Court of Louisiana, which confirmed the decision below, because, —

1st. The jurisdiction of the United States District Court in matters of bankruptcy not having been contested, a decree of that court, declaring that all the requisitions of the bankrupt act had been complied with, was conclusive when drawn collaterally into question.

2d. Because the subsequent promises of the defendant, relied on by the plaintiffs, did not include this debt.

The plaintiffs then brought the case up to this court.

*Mr. Johnson* moved to dismiss the writ of error for want of jurisdiction.

1st. Because, over the existence and effect of any promises of defendant to pay the debt after his discharge under the bankrupt act, this court has no jurisdiction.

2d. Because the only statute of the United States involved and drawn into question was that of the 19th August, 1821 (5 Stat. at Large, 440,) and that was relied upon only by defendant; and the decision of the court below was in favor of, not against, the only title, right, privilege, or exemption claimed under it. Judiciary Act, 24th Sept. 1789, c. 20, p. 25, (1 Stat. at Large, 85); McKinney *v.* Carroll, 12 Pet. 67; Crowell *v.* Randall, 10 Id. 368; Gill *v.* Oliver, 11 How. 529; Williams *v.* Oliver, at the present term of this court, MS.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a writ of error to the Supreme Court of Louisiana for the Eastern District, and a motion has been made to dismiss it for want of jurisdiction.

The plaintiffs in error, it appears, filed their petition in the Third District Court of New Orleans, against the defendant, to recover certain sums of money which they alleged were due to them on two promissory notes which had been executed by the defendant.

The defendant pleaded his discharge under the bankrupt law of the United States, and at the trial offered in evidence the record of the proceedings in bankruptcy in the District Court in which he had obtained his certificate. Objections were taken to the regularity and validity of this discharge, but they were overruled by the court, and judgment rendered for the defendant. The plaintiffs appealed to the Supreme Court of the State, where the judgment of the court below was affirmed, and this writ of error is brought to reverse that judgment.

The writ must, we presume, have been prosecuted under a misconstruction of the 25th section of the act of 1789, ch. 20. We have no jurisdiction over the judgment of a State court upon a writ of error, except in the cases specified in that section. And the jurisdiction of this court is there limited with great care and in plain terms. It gives a writ of error to this court where a party claims a right or exemption under a law of Congress, and the decision is against the right claimed. Undoubtedly the defendant in pleading his discharge under the bankrupt law

claimed a right or exemption under a law of Congress.  But in order to give jurisdiction something more is necessary; the judgment of the State court must be against the right claimed.  In the case before us the decision was in favor of it, and consequently no writ of error will lie to this court under the provisions of the act of 1789.

And as we have no jurisdiction, we cannot examine into the objections made to the validity of the proceedings in bankruptcy. The judgment of the State court that they were valid, and the defendant thereby discharged from the debt due to the plaintiffs, is conclusive between the parties.

Nor has this court the power to examine into the other question which appears to have arisen as to the legal effect of certain promises which the defendant is alleged to have made after he obtained his certificate in the bankrupt court.  The legal obligation of such promises depends upon the laws of the State in which they were made; and in a suit in a State court the decision of that question by the highest tribunal of the State cannot be reviewed in any court of the United States.

This case must therefore be dismissed for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Louisiana for the Eastern District, and was argued by counsel.  On consideration whereof, it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed, for the want of jurisdiction.