Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This is a writ of error to the Supreme Court of the State of Arkansas. A brief summary of the case will be sufficient to show that this court have no jurisdiction.
 

 The defendants in error, who were the plaintiffs in the court below, brought their action of ejectment ití the State court to recover certain premises described in the declaration.
 

 By a statute of Arkansas, a party may maintain an ejectment upon an equitable title. And the defendants in error, in order to show such a title in themselves, offered in evidence' certain documents tending to prove that. a certain Ludovicus Belding had, by settlement in 1829, acquired a pre-emption right to the land in question, and that they'are his heirs at law, and have paid to the proper officer the price fixed by the Government.
 

 . The plaintiff in error offered no evidence of title in himself, • although he was in possession of- the land. And at the trial, the defendants in error asked the court to instruct the jury that the papers and documents read in evidence by them were sufficient to maintain the action, if the defendant in error was in possession of any part of the. land at the commencement of the suit, and also that they were entitled to recover, by way of damages, reasonable rents and profits.-
 

 The plaintiff in error, on his part, asked the court to instruct the jury that the certificates and documents offered by the defendants in error were void, and conferred no title to the premises.
 

 This is the substance of the instructions asked for by the respective parties, although drawn out at greater length, and shows the questions presented for the decision of the court. The court gave the instructions asked for by the defendants in error, and refused those .requested by the plaintiff.
 

 Under these instructions, the jury found a verdict in favor of the defendants in error, and a judgment was entered accordingly, which was afterwards affirmed in the Supreme Court of the State; and upon that judgment, this writ of error was brought.
 

 
 *390
 
 It appears, therefore, that no right was claimed by the plaintiff in error under any act of Congress, or under any authority derived from the United States. He merely objected to the validity of the title claimed by the defendants in error. As the case appears on the record, he was a mere trespasser, holding possession in opposition ifco a title claimed under the United States. The decision of the State court in favor of the title thus claimed by the defendants in error can certainly give the plaintiff no right to bring this writ under the twenty-fifth section of the act of 1789. He claimed no right under the United States, and consequently can have no foundation for his writ of error.
 

 The case cannot be distinguished from that of Fulton and others
 
 v.
 
 McAffea, (16 Pet., 149,) and the writ must be dismissed for want of jurisdiction.