WILLIAM C. REDDALL, PLAINTIFF IN ERROR, *v.* WILLIAM H. BRYAN, ALFRED L. RIVES, WILLIAM H. PILES, JOHN CAMERON, JAMES PAINE, CHARLES HUTCHINSON, AND JOHN MOORE.

Where a decree of the Court of Appeals of Maryland affirmed the decree of the court below and remanded the case to that court, this is not such a final decree as will give jurisdiction over the case to this court.

The decree of the court below was merely an interlocutory order; and although State laws allow an appeal to State courts from such an order, this cannot enlarge the jurisdiction of this court given by act of Congress.

Moreover, the judgment of the State court was in favor of the authority set up

under the laws of the United States, and therefore no appeal lies to this court under the 25th section of the Judiciary act.

THIS case was brought up from the Court of Appeals of Maryland by a writ of error issued under the 25th section of the Judiciary act.

The case is stated in the opinion of the court, and is reported in 14th Maryland Reports, pages 470, 471.

It was argued by *Mr. John S. Tyson* and *Mr. Mayer* for the plaintiff in error, and by *Mr. Stanton* (Attorney General) for the defendants.

Mr. Chief Justice TANEY delivered the opinion of the Court. This is a writ of error to revise the decree of the Court of Appeals of Maryland, affirming a decree of the Circuit Court for Montgomery county, in that State.

This case, as it appears on the record, is this:

The bill in equity of the plaintiff in error, filed in the Circuit Court for Montgomery county, in Maryland, alleges that the defendants have trespassed on land of his in Montgomery county, in Maryland, digging it up and erecting abutments and structures for an aqueduct, and so breaking up and dividing the land as to render it incapable of tillage, and inflicting great and irreparable damage upon the complainant; and that the defendants meditate, for completing the aqueduct, still further damage, of the same aggravated character, to the land, by digging to great depths of twelve to fifteen feet, and at other points raising embankments and building walls, and in conducting through the land a large and constant stream of water, for the sole use of the aqueduct.

The bill further states that the defendants claim to thus act under authority of the Executive of the United States, unsanctioned, however, as the bill alleges, by any action of Congress, and for supplying water to the cities of Washington and Georgetown, and under color of an act of the Legislature of Maryland, (session of the year 1853, chapter 179,) purporting to authorize the United States "to purchase land in Maryland

for so supplying water, through construction of dams, reservoirs, buildings, and other works," and in case of sale not being agreed by owners, to allow the United States to adversely appropriate to herself the land, by condemnation and on valuation, to be effected in manner as provided in case of the Chesapeake and Ohio Canal Company's occasions for land and materials for that company's works.

The bill also avers that no such purchase was authorized by Congress, nor any attempt ever made on behalf of the United States toward an agreement for the purchase of complainant's lands, and insists that these pretended sanctions of the act of the Maryland Legislature, and of the United States Executive, are repugnant to the Constitution of the United States and of Maryland, and that the land is thus intruded on for no public purpose of Maryland, nor for any connected with the United States as such, and of a Federal character, nor even so declared in the Maryland act of Legislature, or in any action of Congress. And the bill prays injunction, to prevent the trespass and encroachments complained of from being carried on. The Circuit Court refused the injunction, and from the order of refusal, the plaintiff appealed to the Court of Appeals. That court affirmed the order of the Circuit Court and remanded the case.

From this decision of the Court of Appeals, the case is here upon writ of error.

It is evident, from this statement, that the appeal to this court cannot be sustained. In the first place, the decree of the Court of Appeals merely affirms the decree of the inferior court, and remands the case. It is, therefore, still pending, and there is no final decree. And although the State of Maryland in her own courts may authorize an appeal from such an interlocutory order, it cannot affect the jurisdiction of this, which is governed by the act of Congress, and that act authorizes the writ of error only in cases where there is a final decree or judgment.

In the second place, we do not see in the plaintiff's bill any right claimed under the laws of the United States. On the contrary, the claim is against the rights asserted by the United

States, and exercised by the agents of the Government under its authority; and even if there had been a final decree by the dismissal of the bill, in addition to the refusal of the injunction, we perceive no ground upon which the writ of error could be maintained under the 25th section of the act of 1789.

It is therefore dismissed for want of jurisdiction.