The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 We have no jurisdiction of the judgments of State courts except under the twenty-fifth section of the Judiciary Act, and, upon examining the' record, we do not find that the case presented is within any clause of it.
 

 The suit in the State court was for the recovery of a tract of land in St. Louis, Missouri. The proofs of the plaintiff consisted of a patent of the United States to one Johnson, dated January 6th, 1843a certificate of entry by Johnson, issued by the register of the St. Louis Laud Office, on the 19th of August, 1829; an assignment of the same date by Johnson and the plaintiff, indorsed upon the certificate, and a decree, upon default, of the St. Louis Land Court, in a suit by the plaintiff against Johnson, adjudging and decreeing the title to be vested in the possessor.
 

 The defence rested upon the ground that Johnson was a fictitious person, but the court held the patent not void, if issued to a real person and transferred by his indorsement to the plaintiff, though such person in making the entry and obtaining the certificate used a fictitious name.
 

 The patent offered by the plaintiffs seems to have been the only authority under the United States drawn in question in the State court, and the decision was in favor of its validity. It is only when, in such a case, the decision is against the authority that this court has revisory jurisdiction.
 

 It is suggested, in the brief for the plaintiff in error, that a subsequent patent was relied on' by him when defendant in the State court, and that the decision having been against that'patent maybe reviewed here'. But we find no such patent and no such decision in the record.
 

 The writ of error must therefore be, '
 

 Dismissed.