## MISSOURI v. ANDRIANO.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 127. Submitted January 5, 1891. — Decided March 2, 1891.

When the decision of a state court is in favor of a right or privilege claimed under a statute of the United States, this court has no jurisdiction to review it.

THE controversy in this case arose from the conflicting claims of the relator and the respondent to the office of sheriff of Buchanan County, Missouri. The proceeding was originally instituted by an information in the nature of a *quo warranto*, filed by the prosecuting attorney, in the Circuit Court of Buchanan County, to test the right of respondent, Andriano, to assume the duties of sheriff. The information was filed upon the relation of John H. Carey, who had been holding the office and discharging its duties for the two preceding years, and who, under the state law, had a right to hold it until his successor should be duly elected, commissioned and qualified. It alleged, in substance, that while the relator was in office, having the right thereto, the respondent, without any legal warrant, ground or right whatever, entered into, and assumed to discharge part of the duties of such office; and further averred that he was to that extent, an unlawful usurper of the rights belonging to relator, as sheriff of such county. Waiving the issue of a writ, respondent appeared, and by his answer, which by agreement was treated as a return, set up that he had received at the general election in November, 1886, the majority of the votes cast thereat for the office of sheriff of said county, and thereupon the governor of the State had issued to him his commission, and he had given bond and duly qualified as such sheriff. He further alleged that at the time of such election he was, and ever since had been, a citizen of the United States, a resident of the said county, and duly qualified, under the constitution and laws of the State, to hold the office. To this answer or

return there was filed a reply, denying that respondent was, or ever had been, such citizen.

The case was tried upon the following stipulation of facts:

It was admitted by the parties, that Joseph Andriano, the respondent, was born in Heidelberg, Baden, now in the German Empire, in October, 1841; that he came to the United States with his father and mother in 1849, and the family settled in Buchanan County, Missouri, where respondent has ever since resided, and where his father and mother, who were, from a long time before respondent's birth, during their joint lives, husband and wife, resided up to the time of their deaths respectively; that his father and mother both lived until long after the year 1855; that respondent and his father and mother were born citizens of Baden, and so continued up to the time they came to the United States; and that Albert Andriano, the respondent's said father, was, by proper proceeding in the Circuit Court of the State of Missouri, within and for Buchanan County, duly naturalized under and pursuant to the laws of the United States, and thereby became a citizen of the United States, on the 4th day of October, A.D. 1854.

It was also admitted that all the statements contained in the information were true, and that respondent was guilty of the acts therein set forth, provided he (respondent) was not a citizen of the United States at the time of the general election, in November, 1886; but that if he were such citizen, then, while said acts were admitted to have been performed by respondent, they were not unlawfully but rightfully performed by him. It was also admitted that the respondent himself never took any steps or did anything toward becoming naturalized as a citizen of the United States.

Upon the issue thus formed by the pleadings and stipulation, the Circuit Court found the respondent guilty as charged in the information, and rendered a judgment ousting him from the office, so far as he had been exercising, or assuming to exercise the duties thereof. From this judgment respondent appealed to the Supreme Court of the State, wherein the case was heard and the judgment reversed, and respondent restored to all things which he had lost by reason of the said judgment.

To reverse this decision of the Supreme Court relator sued out this writ of error.

*Mr. B. R. Vineyard* and *Mr. Alexander Porter Morse*, for plaintiff in error, submitted on their brief.

No appearance for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

We are confronted upon the threshold of this case with the inquiry whether there is a federal question involved; if not, the only disposition we can make of it is to dismiss it for want of jurisdiction. The object of the proceeding is to try the respective titles of the relator and the respondent to the office of sheriff of Buchanan County, Missouri. Respondent relies upon the fact that he received a majority of votes cast at a popular election for the office. Relator claims to have been in possession of the office since December 1, 1884, performing all the duties imposed upon him by law, and as to respondent's election, insists that the same is void under the constitution of Missouri, which declares (Art. 8, sec. 12) that "no person shall be elected or appointed to any office in this State, civil or military, who is not a citizen of the United States, and who shall not have resided in this State one year next preceding his election or appointment." He claims further, that under the laws of Missouri (Rev. Stats. sec. 3350) he is entitled to hold the office until a successor is duly elected, commissioned and qualified. In support of his claim that respondent is not a citizen he relies upon the fact that he was born in Germany and is, therefore, *prima facie*, an alien. To this, respondent replies, admitting his foreign birth, and also that he had never been naturalized under the laws of the United States, but claiming that under section 4 of the act of Congress of April 14, 1802, 2 Stat. 153, he became and was a citizen by the naturalization of his father. This act, which is reproduced in Rev. Stat. sec. 2172, provided "that the children of persons duly naturalized under any of the laws of the United States, or who, previous to the passing of any law

upon that subject, by the government of the United States, may have become citizens of any one of the said States, under the laws thereof, being under the age of twenty-one years, at the time of their parents being so naturalized or admitted to the rights of citizenship, shall, if dwelling in the United States, be considered as citizens of the United States, and the children of persons who now are or have been citizens of the United States, shall, though born out of the limits and jurisdiction of the United States, be considered as citizens," etc.   Here is clearly a right or privilege claimed by respondent under a statute of the United States within the meaning of Rev. Stat. sec. 709, and had the judgment of the Supreme Court of Missouri been adverse to his claim, there could be no doubt of his right to a writ of error from this court to review its ruling. It is insisted, however, that the relator has no right to a review of the ruling in favor of respondent, as he claimed no right or privilege personal to himself or to his own status as a citizen, from such statute.   The question thus presented is, whether the right or privilege must necessarily be personal to the plaintiff in error, or whether he is not entitled to a review where such right or privilege is asserted by his opponent, and the decision is in favor of such opponent and adverse to himself.   While there is some force in the argument that the right of review in cases involving the construction of a federal statute should be mutual, the act limits such right to cases where the state court has decided *against* the title, right, privilege or immunity set up or claimed under the statute.   Now, the only claim made under the federal statute in this case is by the respondent.   The difficulty with the position of the relator is that he asserts no right under the statute, but, to establish the alleged alienage of the respondent, relies solely upon the fact that the latter was born abroad.   To this, respondent replies, admitting his foreign birth, but claiming that the statute makes him a citizen, and the state court has adopted his view.

The object of the present judiciary act was not to give a right of review wherever the validity of an act of Congress was drawn in question, but to prevent the courts of the several

States from impairing or frittering away the authority of the federal government, by giving a construction to its statutes adverse to such authority. Of course, if the construction given by the state court to the act under which the right is claimed be favorable to such right, no such reason exists for a review by this court. As stated by Chief Justice Taney in *The Commonwealth Bank* v. *Griffith,* 14 Pet. 56, 58, "the power given to the Supreme Court by this act of Congress was intended to protect the general government in the free and uninterrupted exercise of the powers conferred on it by the Constitution, and to prevent any serious impediment from being thrown in its way while acting within the sphere of its legitimate authority. The right was, therefore, given to this court to reëxamine the judgments of the state courts, where the relative powers of the general and state government had been in controversy, and the decision had been in favor of the latter."

The question is by no means a novel one in this court. The case of *Fulton* v. *McAffee,* 16 Pet. 149, was an action of ejectment, in which the lessor of the plaintiff made title under a certificate issued to him as assignee of Jefferson College, the trustees of which college were authorized by an act of Congress to relinquish certain lands which had been reserved for their use. Defendant offered testimony to show that the certificate was fraudulently obtained, that its authority had been denied by the commissioner of the land office, and consequently that it did not confer on the lessor of the plaintiff a valid legal title upon which he could recover in ejectment. These questions were decided by the state court in favor of the right claimed by the plaintiff, and the defendant took a writ of error from this court. It was held that, as the decision of the state court was in favor of the right claimed, this court had no jurisdiction.

The case of *Linton* v. *Stanton,* 12 How. 423, was an action upon certain promissory notes, to which the defendant pleaded a discharge under the bankruptcy law. Objections were taken to the validity of the discharge, but they were overruled by the court and judgment entered for the defendant. It was held. the plaintiff had no right to a review in this court.

"Undoubtedly," says Chief Justice Taney, "the defendant, in pleading his discharge under the bankrupt law, claimed a right or exemption under a law of Congress. But in order to give jurisdiction, something more is necessary; the judgment of the state court must be against the right claimed." Like rulings were made in *Gordon* v. *Caldcleugh*, 3 Cranch, 268; *Strader* v. *Baldwin*, 9 How. 261; *Burke* v. *Gaines*, 19 How. 388; *Hale* v. *Gaines*, 22 How. 144; *Reddall* v. *Bryan*, 24 How. 420; and *Ryan* v. *Thomas*, 4 Wall. 603.

None of the cases cited by the relator involve the question here presented, and the writ of error must be

*Dismissed for the want of jurisdiction.*