## LYNDE *v.* LYNDE.

## LYNDE *v.* LYNDE.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

Nos. 305, 369. Submitted November 5, 1900.—Decided April 15, 1901.

A decree of the highest court of a State, giving full faith and credit to a decree in another State for alimony, cannot be reviewed by this court on writ of error sued out by the defendant.

The refusal of the highest court of a State to give effect to so much of a decree in another State, as awards alimony in the future, and requires a bond, sequestration, a receiver and injunction, to secure payment of past and future alimony, presents no Federal question for the review of this court.

THIS was an action brought May 26, 1898, in the Supreme Court for the county and State of New York, on a decree of the Court of Chancery of New Jersey of December 28, 1897, by which it was ordered that the plaintiff was entitled to recover of the defendant the sum of $7840 for alimony at the rate of $80 per week from February 11, 1896, to the date of the decree, and the further sum of $80 per week permanent alimony from the date of the decree, the said weekly payments to be valid liens on the defendant's real estate; that the defendant give bond to the plaintiff in the sum of $10,000 to secure the

payment of the sums of money directed to be paid; and to pay costs, taxed at $136.07, and a counsel fee of $1000; and that on his default to pay any of the "foregoing sums of money" or to give bond, application might be made for the issue of a writ of sequestration against him, or for an order appointing a receiver of his property, and enjoining his transfer thereof. The record showed the following material facts:

On November 18, 1892, the plaintiff in this action filed her bill for a divorce in the Court of Chancery of New Jersey, setting forth her marriage with the present defendant on March 25, 1884, in New Jersey, where she has since resided; and praying for a divorce from the bond of matrimony for desertion for two years, and for reasonable alimony. The defendant was not served with process other than by publication, and did not appear or answer the bill. On August 7, 1893, a decree of divorce was entered, not mentioning alimony.

On February 10, 1896, the plaintiff, alleging that this decree was incomplete through the neglect of her counsel, filed a petition in that court, praying for an opening and amendment of the decree by allowing reasonable alimony. Upon this petition, a rule to show cause was entered, and it was ordered that copies of the petition and affidavits accompanying it be served on the defendant.

In answer to the rule, the defendant appeared generally, and filed an affidavit, declaring that he was a resident of New York, "that this defendant was by the decree of this court divorced from said petitioner" on August 7, 1893, "and since that time has been married again to another woman," "that the decree for divorce in said cause was purposely drawn without providing for or reserving any alimony;" and "that he is financially unable to pay alimony."

On October 26, 1896, the Court of Chancery of New Jersey amended the decree of August 7, 1893, by ordering that the petitioner "have the right to apply to this court at any time hereafter, at the foot of this decree, for reasonable alimony, and for such other relief in the premises touching alimony as may be equitable and just; and this court reserves the power to make such order or decree as may be necessary to allow and

compel the payment of alimony to the petitioner by defendant, or to refuse to allow alimony." 6 Dickinson (54 N. J. Eq.) 473. On appeal this order was affirmed by the New Jersey Court of Errors and Appeals. 10 Dickinson (55 N. J. Eq.) 591. Thereupon an order of reference, based on all prior proceedings, and on notice to the solicitor for th. defendant, was made by the Court of Chancery to a master to find the amount of alimony, if any, due to the plaintiff. Neither the defendant nor his solicitor appeared at the hearing before the master; and on December 28, 1897, the Court of Chancery, confirming the master's report, made the decree now sued on.

That court, on its being made to appear that a certified copy of this decree was personally served on the defendant, and that he refused to comply with said decree, ordered that a receiver be appointed to take possession of all the defendant's real and personal property in New Jersey to apply it to the payment of the plaintiff's claim. The receiver, however, was " unable to obtain possession of any property or assets of said defendant in the State of New Jersey;" nor had the defendant "complied with said decree in any respect."

The Supreme Court of New York decreed that the plaintiff was " entitled to a judgment against the defendant, enforcing against said defendant the decree of the Court of Chancery of New Jersey, dated December 28, 1897," and the order appointing a receiver, and enjoining the defendant from transferring his property; also that the plaintiff was entitled to judgment that the defendant pay her $8976.07, " being alimony, counsel fee and costs, due under said decree," and interest thereon from its date; also the " sum of $4400, being the amount of weekly alimony which has accrued since said decree in accordance with the terms thereof," and interest thereon; also $80 a week from the date of this decision " as and for permanent alimony," bearing interest until paid; that he give bond " in the sum of $100,000 to secure payment of the several sums of money aforesaid;" and that, if the defendant fail to comply with this decision, " a receiver be appointed, ancillary to the receiver heretofore appointed by the Court of Chancery of New Jersey

as aforesaid, of the real and personal property of the defendant within the State of New York."

On appeal by the defendant to the Appellate Division, the decree was modified so as to allow the plaintiff to recover only $8840 alimony, the amount declared by the New Jersey court as due and payable at the date of its decree. Thus modified, the judgment of the Supreme Court was affirmed. 41 N. Y. App. Div. 280.

From the judgment of the Appellate Division both parties appealed to the Court of Appeals, which affirmed the judgment of the Appellate Division. 162 N. Y. 405. Each party sued out a writ of error from this court.

*Mr. George S. Ingraham* for Charles W. Lynde.

*Mr. James Westervelt* and *Mr. Matthew C. Fleming* for Mary W. Lynde.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

The husband, as the record shows, having appeared generally in answer to the petition for alimony in the Court of Chancery in New Jersey, the decree of that court for alimony was binding upon him. *Laing* v. *Rigney*, 160 U. S. 531. The court of New York having so ruled, thereby deciding in favor of the full faith and credit claimed for that decree under the Constitution and laws of the United States, its judgment on that question cannot be reviewed by this court on writ of error. *Gordon* v. *Caldcleugh*, 3 Cranch, 268; *Missouri* v. *Andriano*, 138 U. S. 496. The husband having appeared and been heard in the proceeding for alimony, there is no color for his present contention that he was deprived of his property without due process of law. Nor does he appear to have made any such contention in the courts of the State. His writ of error, therefore, must be dismissed.

By the Constitution and the act of Congress, requiring the faith and credit to be given to a judgment of the court of an-

other State that it has in the State where it was rendered, it was long ago declared by this court: " The judgment is made a debt of record, not examinable upon its merits; but it does not carry with it, into another State, the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another State, it must be made a judgment there; and can only be executed in the latter as its laws may permit." *McElmoyle* v. *Cohen,* 13 Pet. 312, 325; *Thompson* v. *Whitman,* 18 Wall. 457, 463; *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 292; *Bullock* v. *Bullock,* 6 Dickinson (51 N. J. Eq.) 444, and 7 Dickinson (52 N. J. Eq.) 561.

The decree of the Court of Chancery of New Jersey, on which this suit is brought, provides, first, for the payment of $7840 for alimony already due, and $1000 counsel fee; second, for the payment of alimony since the date of the decree at the rate of $80 per week; and third, for the giving of a bond to secure the payment of these sums, and, on default of payment or of giving bond, for leave to apply for a writ of sequestration, or a receiver and injunction.

The decree for the payment of $8840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision of the payment for alimony in the future was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum. The provisions for bond, sequestration, receiver and injunction, being in the nature of execution, and not of judgment, could have no extraterritorial operation; but the action of the courts of New York in these respects depended on the local statutes and practice of the State, and involved no Federal question.

On the writ of error of the wife, therefore,

*The judgment is affirmed.*