# KIZER *v.* TEXARKANA & FORT SMITH RAILWAY COMPANY.

ERROR TO THE SUPREME.COURT OF THE STATE OF ARKANSAS.

No. 100.  Argued and submitted November 13, 1900.—Decided December 3, 1900.

That a Federal statute was construed unfavorably to one of the parties to a suit is no ground for jurisdiction by this court, unless such construction was not only unfavorable, but was against the right, etc., specially set up and claimed under the statute ; in which case the party so setting up and claiming the right under the statute can obtain a review here.

THE case is stated in the opinion of the court.

*Mr. Oscar D. Scott* for plaintiff in error submitted on his brief.

*Mr. James F. Read* for defendant in error. *Mr. Gardiner Lathrop, Mr. Thomas R. Morrow, Mr. John M. Fox, Mr. Samuel W. Moore,* and *Mr. James B. McDonough* were on his brief.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The plaintiff in error commenced an action against. the defendant in error in a circuit court of the State of Arkansas to recover damages for the breach of an alleged contract between the parties, by which the railroad company agreed to furnish cars and to transport over its road and into points in the State of Texas certain lumber for the plaintiff in error from his sawmill in Rankin, in Little River County, in the State of Arkansas, at a certain rate of compensation, and it was alleged in the plaintiff's complaint that the defendant had violated that contract by charging a greater sum for the transportation of such lumber than had been agreed upon, and the plaintiff sought to recover from the defendant in error the excess paid by the plaintiff over the contract price.

Several defences were put in by the defendant, and among others it set up that the contract was illegal, because the trans-

portation of the lumber from Rankin, in the State of Arkansas, to places in the State of Texas over defendant's road was interstate commerce, and the contract therefore violated sections 1, 2 and 3 of the interstate commerce act, act of February 4, 1887, c. 104, 24 Stat. 379, in that it made a discrimination in favor of the plaintiff.

The trial court held that the contract did violate that act, and was, therefore, void, and could not be enforced or damages recovered for its breach.

Plaintiff in error then appealed to the Supreme Court of Arkansas, where the judgment was affirmed, the court saying, in its opinion, that "the facts in this case, as found by the court, as set out in the statement of facts, show that the contract upon which the appellant relies is within the prohibitions of sections 1, 2 and 3 of the interstate commerce law, enacted by Congress. . . . We think the contract relied on in this case is prohibited by the act of Congress to regulate commerce, and is void."

Upon the affirmance of the judgment by the Supreme Court of Arkansas, the plaintiff brought the case here by writ of error.

He now says that, although he set up no claim of any title, right, privilege or immunity under the act of Congress, yet the claim which defendant specially set up under it was acknowledged and enforced by the state court, and the statute was thus construed unfavorably as to him, and that he has, therefore, a right to have the judgment of the state court, which was based on such construction, reviewed here under section 709 of the Revised Statutes of the United States. But that section provides, so far as here applicable, that when any title, right, privilege or immunity is claimed under a statute of the United States, and the decision of the state court is against the title, right, etc., specially set up or claimed under such statute, then and in such case the judgment of the state court may be reviewed by this court.

Here, the claim under the Federal statute has been allowed by the state court, and the contract sued on by the plaintiff in error has been denied validity because of its violation of that statute. It is not every case where a Federal statute has been

construed by a state court that gives a right of review to this court, but the claim of any right, title, privilege or immunity under the statute must have been denied by the state tribunal in order to give us jurisdiction to review its judgment. That a Federal statute was construed unfavorably to one of the parties to the suit is no ground for jurisdiction by this court, unless such construction was not only unfavorable, but was against the right, etc., specially set up and claimed under the statute. In that case the party setting up and claiming the right under the statute, which has been denied, can obtain a review here. Thus it might happen, as it has happened in this case, that, while the decision upon the construction of the statute was unfavorable to the maintenance of the cause of action set forth by the plaintiff in error, it was not against, but in favor of, the claim made under the Federal statute. The question whether that statute, properly construed, prohibited the making of such an agreement as that set up in the complaint in the state court, having been decided in favor of the claim set up by defendant under the statute, this court has no jurisdiction to review the judgment. *De Lamar's Gold Mining Company* v. *Nesbitt*, 177 U. S. 523, 528, and cases there cited; *Missouri* v. *Andriano*, 138 U. S. 496.

The writ of error is therefore

*Dismissed.*