**HANSON v. LOOMIS.**

No. 3187.

District Court, M. D. Pennsylvania.

March 4, 1937.

John P. Kelly, of Scranton, Pa., and Thomas F. Farrell, of Wilkes-Barre, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a reargument on an affidavit of defense raising questions of law.

The plaintiff in her statement of claim avers that she and the defendant were formerly married, and that on May 13, 1913, by decree of the Second judicial district court of Nevada, were divorced and the custody of their three then minor children awarded to the plaintiff; that upon petition of Elizabeth D. Loomis, now Elizabeth D. Hanson, the plaintiff in this action, the Court of Chancery of the State of New Jersey entered a decree pendente lite against the defendant directing him to pay to the plaintiff herein until final decree $195 per month for the support of the three minor children; that on October 1, 1917, said court entered a final decree still in force, no application for modification having been made by the defendant; that said final decree directed the defendant to pay $195 per month to the plaintiff herein for the support of the three minor children; that under the decree pendente lite the defendant owes to the plaintiff monthly payments of $195 from April 1, 1917, to October 1, 1917, or $1,170; that under the final decree there became due from the defendant to the plaintiff the additional sum of $22,340.50, being monthly sums of $195 which accrued until each of the three minor children reached their majority; that the defendant has in part compliance of said final decree paid to the plaintiff a total sum of $2,420, leaving due under both the temporary and final decree a balance of $21,090.50 with interest. An exemplified copy of the record of the proceeding and decrees of the Court of Chancery of the State of New Jersey is annexed to the statement of claim.

In the defendant's affidavit of defense raising questions of law, he avers that the statement of claim shows on its face that the decree of the Court of Chancery of the State of New Jersey is not final in character and did not establish any fixed liability against the defendant in that the decree is a mere direction to pay sums of money from time to time in the future until further order of the court, either party to be at liberty to apply for a modification upon change of circumstances; that as to plaintiff's claim based on the pendente lite decree this court is without jurisdiction because the

528

amount claimed thereon is less than $3,000; that the statement of claim shows on its face payment in full of any amount as to which the decree was final.

At the first argument counsel for both plaintiff and defendant relied on the case of Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810, but failed to refer to the leading cases of Barber v. Barber, 21 How. (62 U.S.) 582, 16 L.Ed. 226, and Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L. Ed. 905, 28 L.R.A.(N.S.) 1068, 20 Ann.Cas. 1061, and in view of that fact a reargument was granted. Hanson v. Loomis (opinion filed August 25, 1933).[1]

█ In the case of Barber v. Barber (1858) 21 How.(62 U.S.) 582, 16 L.Ed. 226, the Supreme Court of the United States held that a decree by a New York state court granting alimony can be enforced in a United States court both as to installments due at the time the New York decree was rendered and as to future installments due at the time suit was commenced in the United States court. In the case of Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 556, 45 L.Ed. 810, decided in 1900, without reference to the Barber Case, the Supreme Court of the United States held that a decree of the Court of Chancery of New Jersey granting alimony can be enforced in the New York state court only as to the fixed sum of installments due at the time the New Jersey decree was rendered and not as to future installments due at the time the suit was commenced in the New York state court. In the case of Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 686, 54 L.Ed. 905, 28 L.R.A.(N.S.) 1068, 20 Ann.Cas. 1061, the Supreme Court of the United States held that the Lynde Case did not overrule the Barber Case, but that both cases must be interpreted in harmony, and arrived at the following rule: "First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.'

Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due."

The question in this case, therefore, is whether the Court of Chancery of the State of New Jersey has such discretionary power to modify the decree as to the payment of future installments for the support of the minor children, which accrued since the date of the New Jersey decree, and which are now past due, so that no vested right exists in the plaintiff to receive the money.

In the Lynde Case the Supreme Court of the United States held that under the laws of the State of New Jersey as they existed in 1900 the courts of that state had discretion in modifying future payments of alimony to such an extent that no vested right attached to receive such installments ordered to be paid by a decree of that state although no application to modify the decree had been made prior to the installments becoming due. The court there said: "The decree for the payment of $8,840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision of the payment for alimony in the future was subject to the discretion of the court of chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum."

█ Neither counsel for the plaintiff nor counsel for the defendant has cited a decision by the New Jersey courts, or any other court, modifying the interpretation of the New Jersey law by the Supreme Court of the United States in the Lynde Case on the question whether the New Jersey courts have the power to modify the provisions of a decree for alimony or for the support of children as respects past-due installments. This question is annotated in 94 A.L.R. 311 and no decision on the New Jersey law is cited. Counsel for the defendant, however, has cited decisions of the effect that the Court of Chancery of New Jersey will not,

---

[1] No opinion for publication.

without the showing of special circumstances, enforce more than one year's arrears in alimony. Freund v. Freund (1906) 71 N.J.Eq. 524, 63 A. 756; Reik v. Reik (1927) 101 N.J.Eq. 523, 139 A. 385; Warren v. Warren (1921) 92 N.J.Eq. 334, 112 A. 729. These cases indicate that the power of the New Jersey courts to modify past-due installments for alimony or support has not been modified since the Lynde Case, and that the New Jersey courts still have such discretionary powers. It follows that under the interpretation of the New Jersey law in the Lynde Case, the provisions of the New Jersey decree for the payment of support in the future was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum.

As to the fixed sum of $1,170, due at the time the decree of October 1, 1917 was rendered, this court has no jurisdiction. See North American Transportation & Trading Co. v. Morrison, 178 U.S. 262, 20 S.Ct. 869, 44 L.Ed. 1061. It further appears from the statement of claim that the defendant paid to the plaintiff $2,420, a sum sufficient to cover in full the $1,170, due under the final decree.

The affidavit of defense raising questions of law is sustained, the questions of law are decided in favor of the defendant, and plaintiff's action is dismissed for lack of jurisdiction.