(PRACTICE.)

## INGLEE V. COOLIDGE.

No writ of error lies to the highest court of law or equity of a state court, under the 25th section of the judiciary act of 1789, unless there is something apparent on the *record* bringing the case within the appellate jurisdiction of this court.

The report of the judge who tries the cause at *nisi prius* containing a statement of the facts, is not to be considered as a part of the *record;* the judgment being rendered upon a general verdict, and the report being mere matter *in pais* to regulate the discretion of the court as to the propriety of granting a new trial, the writ of error, in such a case, will be dismissed.

THIS was a writ of error upon a judgment of the supreme judicial court of Massachusetts, rendered in an action of assumpsit. The declaration contained three counts, to which the general issue was pleaded, and upon two of these counts the jury found a general verdict for the defendant, (the plaintiff in error,) and upon the third count a general verdict, with damages for the original plaintiff. The cause was then continued, as the record states, " for the opinion of the whole court upon the law of the case, as reported by the judge who tried the same." At a subsequent term, judgment was rendered by the whole court for the plaintiff, upon the verdict found in his favour. The report of the judge who tried the cause came up in the record annexed to the writ of error, with other proceedings and exhibits in the cause.

Mr. *G. Sullivan*, for the plaintiff in error, argued, that, by the report of the judge, in the court below, it appeared that the chief question in this cause involved a constructive application of the act of congress of the 18th of June, 1812, declaring war against Great Britain, to the question whether the purchase of a British license to protect the property of a citizen, was a lawful consideration for the promissory note on which the action was brought. It is contended, by the defendant in error, that however this may be, this court cannot sustain the writ of error in the present case; because the report of the judge is no part of the record. To determine the question suggested by this objection, it becomes necessary to inquire of what a record consists. "A record," says Britton,[a] " is a memorial or remembrance, an authentic testimony in writing, contained in rolls of parchment, and preserved in a court of record." But a more particular definition is given by Lord Coke,[b] who defines it to be " a memorial of the proceedings or acts of a court of record." In modern times, to avoid the delay incident to the preparation of a special verdict at the trial, a practice has grown up of reserving the cause for the whole court, upon a *special case*, which is prepared by the counsel, or, as a substitute therefor, is made by the judge, and thrown into the form of a *report*, under a special agreement of the parties, that a nonsuit, a default, or even a different verdict may be entered, according to the decision of the court; such is the

*a C. 27.*       *b Co. Litt. 117. a, 360. b.*

practice in the supreme court of Massachusetts. Where is the substantive difference between the " special case" and a *report* made under such understanding and agreement? Error lies upon a special case. The judgment of the court below in the case of Hunter v. Martin[c] was founded on a statement of facts, as settled by a case agreed. But, the report of the judge, in the present case, was a necessary proceeding or act of the court, upon which its decision on the merits was founded. It ascertained all the facts in the case; and what more does a special case or verdict? The position assumed on the other side narrows the ground of remedial process, in a manner inconsistent with a liberal application of the constitutional powers of this court.

Mr. *Webster*, for the defendant in error, contended, that the points on which the plaintiff relied could not be raised in this case. Nothing appears on the *record* of the judgment in Massachusetts by which the court can pronounce that judgment to be erroneous. The general rule of law confines writs of error to matters arising on the record, and the statute expressly provides, that in cases where writs of error are brought in this court to reverse judgments rendered in state courts, on the ground that such judgments were rendered against the validity, or on an erroneous construction of a statute of the United States, " no other error shall be assigned or regarded, as a ground of reversal in any such case, than

[c] 1 *Wheat.* 304.

Inglee
v.
Coolidge.

such as appears on the face of the record, and immediately respects the before-mentioned question of validity or construction." The judge's report of the evidence is no part of the record. Still less are the depositions of witnesses. Nothing, therefore, appears on the face of this record which, in any way, respects either the validity or construction of any statute of the United States. This is, in effect, an attempt to reverse the judgment of a court for error in refusing to grant a new trial. If a party be dissatisfied with the direction of a judge at *Nisi Prius*, in matter of law, there are two modes, in either of which he may ordinarily cause such direction to be reviewed. Without putting the question on the record, he may move for a new trial, on the report of the judge in that court out of which the record issues; or he may tender his bill of exceptions, the object of which is to put the question on the record, and then bring his writ of error. But he cannot pursue both courses. If he relies on his motion for a new trial, then his objection does not appear on the record, and, of course, no writ of error lies. If he tender his bill of exceptions, the court where the record is will not grant a new trial on the ground stated in the bill of exceptions, for the question is then on the record, and the error, if any, may be corrected by writ of error.[d] The discussion of questions of law on motions for new trials is attended with the well-known consequence of giving up the right of proceeding further with the cause. The

[d] Fabrigas v. Mostyn, 2 W. Bl. 929.

effect of this in England on the jurisdiction of the
House of Lords has not escaped the notice of Lord
Chancellor Eldon. But this is for the considera-
tion of the parties themselves. In this case the
plaintiff in error has made his election. He has
chosen to trust to the success of his motion for a
new trial in the court of Massachusetts. If that
has failed, he can have no remedy here by writ of
error.

1817.

Inglee
v.
Coolidge.

Mr. Justice STORY delivered the opinion of the
court, and after stating the case, proceeded as fol-
lows :

March 13th.

e 2 *Dow's Rep.* 480. Smith *et al.* v. Robertson *et al.* This was an insurance cause appealed from the court of session in Scotland to the House of Lords, having been originally brought in the court of admiralty in Scotland. In delivering the judgment of the house, affirming the decree of the court below, Lord ELDON stated, that "their Lordships were aware, and it was due to the court of session to mark the fact, that these cases were all heard there in such a course, that there was no obstacle in point of form to prevent their coming before their lordships. By the old mode of proceeding in Westminster Hall, forty years before he had set foot in it, the practice was, to have special verdicts found, and then the case might come up on error to the House of Lords. But this practice had been altered by Lord MANSFIELD, upon the whole, with considerable utility ; and now for the sake of expedition, instead of entering the matter at length upon the record in a special verdict, special cases were made for the opinion of the court; and nothing appearing on the record but the general verdict, the subject might have no door by which to come into that house. But in the court of session, as he understood their practice, the cases were heard in such a form, that the subject could not be prevented from coming to their lordships; and, therefore, it was no discredit to the court of session that so many of their decisions in these insurance causes were brought under the review of their lordships."

1817.

Inglee
v.
Coolidge.

A motion has been made to dismiss the writ of error, upon the ground that there is nothing apparent upon the record which brings the case within the appellate jurisdiction of this court, under the 25th section of the judiciary act of 1789. It is conceded, on all sides, that this is entirely correct, unless the report of the judge who tried the cause, which contains a statement of the facts, is to be considered as a part of the record. And we are unanimously of opinion that it cannot be so considered. It is not like a special verdict or a statement of facts agreed of record, upon which the court is to pronounce its judgment. The judgment is, rendered upon a general verdict, and the report is mere matter *in pais*, to regulate the discretion of the court as to the propriety of granting relief, or sustaining a motion for a new trial.

The writ of error must, therefore, be dismissed.

Mr. *Wheaton*, for the defendant in error, moved for costs.

[Mr. Chief Justice MARSHALL. The court does not give costs where a cause is dismissed for want of jurisdiction.]

Writ of error dismissed without costs.*

---

*f* Costs will be allowed upon the dismission of a writ of error, for want of jurisdiction, if the original defendant be also defendant in error. Winchester v. Jackson *et al.*, 3 *Cranch*, 515.