Mr. Justice CRIER
 

 delivered the opinion of the court.
 

 This case is before us on- á motion to dismiss for want of jurisdiction.
 

 It is a bill in chancery originating in the Circuit Court of Wayne county, in the State of Michigan, and afterwards taken, by appeal to the Supreme Court of the State.
 

 In order to give this court jurisdiction under the 25th section of the judiciary act, the record of the cade must show, by direct averment or necessary intendment, that one- of the questions enumerated in that section did arise, and was decided by the State court, as required;
 

 If the subject of complaint be, that a State statute is repugnant to the Constitution of the United States, and therefore void, and that the State court has declared it to be valid, this, fact should appear by some direct averment, either on the bill or answer, or in the decree of the court.
 

 After scrutinizing with great care the rather prolix pleadings of this case, we are unable to find any complaint, by the bill or answer, that the Legislature of Michigan have passed any act affecting the rights of either party which “impairs the obligation of a contract;” nor is there an intimation in the decree that any such question arose in the ease; nor is there any necessary intendment that such a question did arise, and was necessarily decided, from anything that does appear in the pleadings, evidence, or decree; on the contrary, it shows affirmatively that no such question did or could arise.
 

 This will clearly appear from an examination of the bill and answer.
 

 The bill alleges, that the complainants were incorporated by an act entitled “An act to authorize the sale of the Central railroad and to incorporate the Michigan Central Railroad Company,” approved March 28, 1846; that theypurchased the Central railroad-, according to the terms of their charter, and,
 
 *380
 
 ,have since that time completed and run said railroad; that, at the time of the act, the State of Michigan owned both the Central and Southern railroads; that the management of the Central road was found onerous and unprofitable; that it was an object to sell the same; that the road was not worth, to exceed $800,000; and that the franchises and exclusive rights secured by the charter alone made. it worth the sum they paid, viz: $>2,000,000; and that it was for the interest of the State to grant such franchises and exclusive rights, and that the exclusive privileges secured to them by the following provision in section five of their charter were especially valuable to them, and without which they would not have purchased said road:
 

 “And no' railroad or railroads from the eastern or southern boundary of the State shall be built or constructed or maintained, or shall be authorized to be built, constructed, or maintained, by or under any iaw of this State, any portion of which shall approach, westwardly of "Wayne county, within five miles of the line of said railroad, as designated in this act, without the consent of this company.”
 

 The bill further alleges, that the State at the same time resolved to sell the Southern railroad, but that said sale was only to take effect on the completion of the sale of the said Central railroad; that it was well understood by the complainants, the State, and the defendants, (the Southern Railroad Company,) that the sale of. said. Southern railroad was subordinate to the sale of the Central railroad,-and that the act incorporating the said Michigan Southern Railroad Company, approved May 9, 1846, was subject to the complainants’ charter; and that, by the sixth section of that act of incorporation, it is provided as follows: '
 

 ■ “And the said Southern Railroad Company shall also, within three years after the passage of this act, extend, construct, and .complete the Tecumseh branch from the village of Tecumseh, by way of Clinton, to the village of Jackson,- by way. of Manchester, and along the line of railroads formerly authorized to be constructed by the Jacksonburgh and Palmyra Railroad Company,
 
 or so far along the same as may not .conflict
 
 with the
 
 provisions of an act entitled
 
 ‘An act to authorize the sale of the Central railroad, and to incorporate the Michigan Central Railroad Company,’ approved March 28, 1846, and put the same in operation, with sufficient motive power to do the business of the country depending on said branch.”
 

 The bill further alleges, that the defendants are threatening to construct, and are-taking the preliminary steps for constuct-ing, said Tecumseh branch to the village of Jackso.n, and.that ten miles of said branch railroad, if constructed, will be> within
 
 *381
 
 five miles of the complainants’ railroad; and that said branch, together with the Erie and Kalamazoo railroad from Toledo ..to Adrian, and the Michigan Southern railroad to Monroe, will, in fact and effect, constitute one railroad, both to the eastern and southern boundary of the State, and therefore will be an invasion of the rights and privileges guarantied to the complainants by that provision of their charter before cited, and
 
 beyond the powers granted to said Southern company;
 
 and therefore an injunction is prayed for.
 

 The answer of the defendants denies that the provision of the. complainants’ charter above cited applies to such a road as the Tecumseh branch, but only to parallel roads, or those nearly so; it avers that the Legislature could not grant powers so large and exclusive as those set up by the complainants; and that the Tecumseh branch, if built, would not, in fact or effect, together with the other railroads named, constitute one line of railroads, either to the eastern or southern boundary of the State; and the construction of the same would be .no violation of the rights and privileges guarantied to the complainants by their charter, and that by their own. charter they are not only authorized, but required, to construct said branch to Jackson.
 

 The gravamen of the bill is,, that the defendants are acting
 
 without legislative authority,
 
 and are usurping rights not granted to them by their charter. It nowhere asserts that they are acting under authority conferred on them by a legislative act which infringes the rights previously granted in the complainants’ charter, or impairs the obligation of their contract. The answer puts in issue nothing but the construction of certain statutes which both parties admit to be valid. It is therefore abundantly apparent’that this court has no jurisdiction to review the judgment of the Supreme Court of Michigan in this case. ' •
 

 A manuscript opinion of one of the judges of the Supreme Court;of Michigan has been referred to by the counsel, in their argument in support' of our jurisdiction.- But even if this . opinion had introduced some speculations on points not involved in the pleadings of the case, this court cannot resort to anything therein contained in order to support their jurisdiction. In the ease of the Ocean Insurance Company
 
 v.
 
 Polleys, we have decided, “that. it is to the record, and to the record alone, that this court can resort to ascertain Its appellate jurisdiction under the twenty-fifth section of the judiciary act.”
 

 The writ of error must therefore be dismissed for want of . jurisdiction.