ARNOLD MEDBERRY, JOHN LAWHEAD, ROBERT H. NUGEN, AND ABNER J. DICKENSON, PLAINTIFFS IN ERROR, *v.* THE STATE OF OHIO.

Whether this court has or has not jurisdiction under the 25th section of the Judiciary act may be ascertained either from the pleadings, or by bill of exceptions, or by a certificate of the court.

But the assignment of errors, or the published opinion of the court, cannot be reviewed for that purpose. They make no part of the record proper, to which alone this court can resort to ascertain the subject-matter of the litigation.

Therefore, where the record showed that the only question presented to the State Court, and decided by them, was, whether the provisions of an act of the Legislature were consistent with the Constitution of the State, this court has no power to review their judgment.

THIS case was brought up from the Supreme Court of the State of Ohio by a writ of error issued under the 25th section of the Judiciary act.

The facts of the case are stated in the opinion of the court, and also in 7 Ohio State Reports, p. 523.

It came up on a motion to dismiss for want of jurisdiction, which was sustained by *Mr. Wolcott* and *Mr. Stanton,* and opposed by *Mr. Pugh.*

Mr. Justice GRIER delivered the opinion of the court.

The defendant in error moves to dismiss this case for want of jurisdiction, because the record does not present any question which this court has authority to re-examine, by the 25th section of the Judiciary act.

The construction of this section has been so often before this court, and the cases are so numerous which define and establish the conditions under which we assume jurisdiction, that it would be tedious to notice them, and superfluous to repeat or comment upon them.

For the purposes of this case, it is only necessary to say, "that it must appear from the record of the case, either in express terms or by clear and necessary intendment, that one of the questions which this court has jurisdiction to re-examine and decide was actually decided by the State court."

This may be ascertained either from the pleadings, or by bill of exceptions, or by a certificate of the court. But the assignment of errors, or the published opinion of the court, cannot be reviewed for that purpose. They make no part of the record proper, to which alone we can resort to ascertain the subject-matter of the litigation.

In this case, the declaration counts upon a contract made by the plaintiffs with the board of public works of Ohio, in 1855, for keeping a portion of the canal in repair for five years. It avers performance, and readiness to perform, and that those officers, acting under and by authority of an act of Assembly of Ohio, entitled "An act making appropriations for the public works for 1857," "in violation and in open disregard of such contract, did wrongfully hinder and prevent," &c.

The Supreme Court gave judgment for the defendants on a demurrer to this declaration.

It is not averred in the pleadings, or anywhere on the record, that this or any statute of Ohio was void, because it impaired the obligation of contracts.

The only legitimate inference to be drawn from the face of this record is, that the Supreme Court decided that the board of public works had no authority to make such contract. If we go out of the record to search for the reasons, we find no

evidence that there was any complaint that the act of 1857 was contrary to the Constitution of the United States, or that the court gave their judgment for the defendant on account of any of its provisions. It is not referred to, except for the purpose of showing that the plaintiffs might bring their suit against the State for damages. The contract declared on was made by virtue of an act of Assembly of 1845. In 1851, the people of Ohio formed a new Constitution. This contract was made in 1855.

The only question presented to the court, and decided by them, was, whether the provisions of the act of 1845 were consistent with those of the new Constitution.

This is a question of which this court has no authority to take judicial cognizance.

The writ of error is therefore dismissed.