Fleming *v.* Clark.

THOMAS FLEMING *vs.* JOHN M. CLARK.

This court will not discharge on *habeas corpus* a prisoner convicted of crime in the superior court, and confined under sentence of imprisonment passed by that court, although a writ of error addressed to that court has been issued by a single justice of the supreme court of the United States, if no questions of law in the case were ever brought by exceptions or otherwise to this court for determination; but it will be assumed that the writ was improvidently issued, and will be dismissed.

The fact that the superior court ruled that the questions of law raised by the defendant at the trial were not subjects of exception to this court, because they had already been passed upon by this court in another case, cannot, if material, be made to appear by an agreement of counsel at the argument upon the *habeas corpus.*

HABEAS CORPUS to the sheriff of Suffolk. Upon the return of the writ on the first of January 1866, the parties agreed upon the following statement of facts :

The prisoner was arrested and tried in the police court of Boston, upon a warrant duly issued by said court, founded upon a complaint made to said court, and duly charging him with the offence of keeping and maintaining a tenement used for the illegal keeping and the illegal sale of intoxicating liquors, in violation of the statutes of this commonwealth in that behalf. In said police court the defendant filed, in due form, his special plea, setting up a license from the United States, issued to him under the internal revenue laws thereof. Said court ruled that such license constituted no defence; and thereupon such proceedings were had that said prisoner was convicted of said offence, and thereupon duly appealed to the superior court for and within the county of Suffolk.

Thereafter, at a term of said superior court, held in Boston.

within and for said county, said appeal having been duly entered, said cause came on for trial, when the prisoner pleaded in due form that he had and held such license as aforesaid, and also that he had paid to the United States, upon all such liquors aforesaid as he had kept or sold, a tax under said internal revenue laws. Said pleas were overruled by the superior court; whereupon the prisoner pleaded that he was not guilty of the offence aforesaid wherewith he was charged in said complaint. A jury was thereupon duly empanelled to try said cause. In the course of the trial the prisoner offered to prove in his defence that he had and held, during the time covered by said complaint, such a license as is before herein mentioned, and that he had upon the liquors during said time kept and sold by him, in the form and packages in which they were kept and sold, paid an internal revenue tax to the United States. The court ruled that said facts would constitute no defence, and refused to admit proof thereof. Thereupon such proceedings were duly had in said cause that the prisoner was convicted of the offence with which he was charged as aforesaid, and upon the twentieth of December last past was sentenced by said court to pay a fine to the Commonwealth of two hundred dollars, and if the same should not be paid within fifteen days, to be imprisoned in the jail for said county for the term of three months. Whereupon a *mittimus* was issued, directed to the sheriff of said county, and the prisoner was taken under said *mittimus*, and is now held in custody by the sheriff in execution of his said sentence.

Thereupon the prisoner made application, in due form, to a justice of the supreme court of the United States for a writ of error to said superior court; and upon the prisoner's giving a bond " to prosecute his said writ to effect, and answer all damages and costs, if he fails to make his plea good," a writ of error, as prayed for by him, issued to said superior court, and was duly served upon the attorney general, within ten days after the sentence and decree complained of, and notice thereof was given to the sheriff, and the prisoner demanded his discharge from further imprisonment under said sentence, pending said writ.

If upon these facts said writ operates as a *supersedeas* and stay of sentence, and of the execution thereof, the prisoner is to be discharged ; otherwise he is to be remanded to the custody of the sheriff, to be held in execution of said sentence, with liberty to be discharged from imprisonment, on paying said fine within fifteen days from the final order of this court hereon.

It was also agreed that all the judgments and papers above mentioned might be referred to, and that no formal objection should be made to any of them. Upon these records and papers all the facts stated appeared, except the offer of evidence and the ruling of the superior court thereon.

It was ordered by *Gray*, J. that the questions of law arising upon the facts above agreed be adjourned into and reserved for the consideration and determination of the whole court, in order that they might make such order thereon as in their opinion law and justice might require.

At the argument before the full court, the parties further agreed in writing that upon the trial in the superior court, after and upon the making of the ruling by that court that the facts set forth in the plea in bar constituted no defence, the court also ruled that, this question having been passed upon by the supreme judicial court, this ruling was not a subject of exception.

*L. Child & L. M. Child,* for the prisoner. The supreme court of the United States has, upon due investigation, issued its writ of error, whereby it appears that at the trial of this cause in said court the validity of a statute or authority exercised under the United States was drawn in question, and the decision was against the validity ; and the construction of a statute of, or commission held under, the United States was also drawn in question, and the decision was against the title, right, privilege or exemption specifically set up or claimed by the petitioner. *Worcester* v. *Georgia*, 6 Pet. 515. That court having granted its writ of error, the petitioner's case is removed from the jurisdiction of the state court and transferred to the United States court, practically in the same manner as if he had brought his case to this court by appeal, though not by the same formalities, and the case remains in the control of the United States court

until it shall have decided the questions raised under the writ of error. *Mayberry* v. *Thompson*, 5 How. 121.

It is not competent for this court to go into the question as to whether the writ was properly granted, or whether it is in the jurisdiction of that court. *Martin* v. *Hunter*, 1 Wheat. 304. *Cohens* v. *Virginia*, 6 Wheat. 264.

The writ of error operates as a *supersedeas* and stays execution, and therefore the officer's return is no justification for holding the petitioner. Brightly's Dig. 258, sect. 3. *Stockton* v. *Bishop*, 2 How. 74.

The United States court must upon the writ decide either that the petitioner's claim is good, and he must be discharged from his sentence, or it must decide that his claim is not valid, and then it must issue its mandate that the petitioner abide the sentence of the state court. *Sibbald* v. *United States*, 12 Pet. 488, 491, 492. *West* v. *Brashear*, 14 Pet. 51.

The petitioner is held in custody as serving out his sentence; and if he is not now liberated, he may serve out his sentence now and still be liable under his bond, and perhaps be compelled to serve another term for the same crime.

By issuing the writ, the United States court has declared that the court in which this matter was decided is the highest court in the state, as required by statute. Therefore that question can only be decided by the United States supreme court. *Buel* v. *Van Ness*, 8 Wheat. 312.

But the superior court is the highest court in this state that can decide this question; for it has the power, and in this case properly exercised it, of refusing to allow the petitioner an appeal to this court, the point having in a similar case been decided in favor of the Commonwealth.

*Reed*, A. G., for the respondent.

GRAY, J. The general rule is well established that a person imprisoned under the sentence of a court having general jurisdiction of the case is not to be discharged by *habeas corpus*, but should be left to his remedy by appeal, exceptions or writ of error. *Riley's case*, 2 Pick. 172. *Commonwealth* v. *Whitney*, 16 Pick. 439. *Herrick* v. *Smith*, 1 Gray, 49. *Adams* v. *Vose*, Ib.

56. Gen. Sts. *c.* 144, §§ 1, 2. *Ex parte Watkins*, 3 Pet. 193. *Commonwealth* v. *Lecky*, 1 Watts, 66. *Ex parte Lees*, El., Bl. & El. 836. The question whether this case comes within an exception to the general rule depends upon a consideration of the provisions of the constitution and laws of the United States, and the decisions of the supreme court.

The constitution of the United States, the acts of congress passed in pursuance thereof, and all treaties made under authority of the United States, are the supreme law of the land, and as such bind the judges of all state courts, anything in the constitution or laws of the state to the contrary notwithstanding; and the supreme court of the United States has appellate jurisdiction from the state courts of all cases arising under the national constitution, laws and treaties, whether relied on by one party or the other, in criminal prosecutions as well as in civil suits, with the exceptions and under the regulations prescribed by congress. U. S. Constitution, art. 6; art. 3, § 2. *Martin* v. *Hunter*, 1 Wheat. 304. *Cohens* v. *Virginia*, 6 Wheat. 264. But the supreme court has no appellate jurisdiction, except such as congress has recognized and defined by statute. *United States* v. *More*, 3 Cranch, 173. *Durousseau* v. *United States*, 6 Cranch, 307. Congress, in legislating upon this subject, has gone no further than was necessary to maintain and secure the supremacy of the constitution, laws and treaties of the United States; and in the Judiciary Act of 1789, *c.* 20, § 25, has defined and limited the appellate jurisdiction from the state courts as follows:

" A final judgment or decree in any suit, in the highest court of law or equity of a state, in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any state, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favor of such their validity; or where is drawn in question the construction of any clause of the constitution, or

of a treaty or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party, under such clause of the said constitution, treaty, statute or commission ; may be reëxamined and reversed or affirmed in the supreme court of the United States upon a writ of error." "But no other error shall be assigned or regarded as a ground of reversal in any such case as aforesaid, than such as appears on the face of the record, and immediately respects the before mentioned questions of validity or construction of the said constitution, treaties, statutes, commissions or authorities in dispute." 1 U. S. Sts. at Large, 85–87.

By this statute three things are necessary to the existence of the appellate jurisdiction of the supreme court of the United States over a case decided in the courts of a state.

First. The decision must be against the right claimed under the constitution, laws or authority of the United States ; for otherwise there is no occasion for the interposition of the national judiciary to protect the general government in the exercise of its rightful powers. *Gordon* v. *Caldcleugh*, 3 Cranch, 268. *Commonwealth Bank* v. *Griffith*, 14 Pet. 58. *Grand Gulf Railroad* v. *Marshall*, 12 How. 167. We may assume, as was admitted by the attorney general at the argument, that the question decided in this case was one which after proper proceedings, duly recorded, in the courts of this commonwealth, might be taken by writ of error to the supreme court of the United States.

Second. There must have been a final judgment in the case, and a decision by the highest court of the state in which a decision could be had ; for until such a decision it cannot be known that the state courts will not sustain the right claimed under the constitution, laws or treaties of the United States. In order to call into existence the appellate jurisdiction, it is not enough that there should have been one ruling against such a right, but it must be a ruling which, so far as the courts of the state can act in the case, finally determines the rights of the parties. The ruling of a lower court is often made in the hurry of a

trial; perhaps with a view to present the question to this court for revision, especially in a criminal case, in which a ruling against the state cannot under our laws be revised; and always with an unwillingness on the part of the presiding judge to set aside the constitution or laws of the Commonwealth as inconsistent with the constitution or laws of the United States. A final decision in the state courts against an authority asserted under the constitution or laws of the United States should only be made deliberately and after a full understanding of its importance. If the courts of the state after mature deliberation are obliged finally to decide against a claim of such an authority, they will accompany their decision with an opinion stating the reasons which have induced it, in order that such reasons may be presented in argument to that tribunal to which the constitution and laws of the country have committed the duty of revising it. To allow an appeal from the ruling of a single judge sitting at *nisi prius* directly to the supreme court of the United States would often give an exaggerated appearance of difference of opinion between the judiciary of the state and that of the nation, prevent a deliberate examination by the highest court of the state of the rights claimed under its own constitution and laws, and needlessly increase the labors of the supreme court of the United States. The writ of error may indeed be addressed to the court in which the record remains; but before a writ of error can rightfully issue, there must have been a final decision in the highest court of the state, to which the question could be taken. *Gelston* v. *Hoyt,* 3 Wheat. 304, 335. *Houston* v. *Moore,* Ib. 434. *Matheson* v. *Branch Bank of Mobile,* 7 How. 261. *Maxwell* v. *Newbold,* 18 How. 516.

We find nothing inconsistent with this view in the decisions of the supreme court cited for the petitioner. In *Olney* v. *Arnold,* the superior court of judicature, and not the general assembly, was held to be the highest court of law of the State of Rhode Island, within the meaning of the twenty-fifth section of the Judiciary Act, because the general assembly had no power to render judgment, but only to grant a review or new trial; in the words of Chief Justice Ellsworth, " the general

assembly might set aside, but they could not make a decision." 3 Dall. 308, 318. In *Cohens* v. *Virginia*, the Virginia court of sessions, upon whose judgment the writ of error was brought, was admitted to be the highest court of the state in which a decision could be had. 6 Wheat. 264, 290, 376. In *Buel* v. *Van Ness*, 8 Wheat. 312, it was held that the writ of error need not express on its face that it was upon a final judgment of the highest court of the state. But the writ of error in that case was upon a final judgment of, and addressed to, the supreme court of Vermont, the highest court of that state according to its constitution and laws, of which the courts of the United States take judicial cognizance.

Third. The circumstances necessary to the appellate jurisdiction must appear on the face of the record, which includes of course the pleadings, the judgment, and the bill of exceptions or statement of facts submitted to the court and upon which the judgment is given; but does not, according to the decisions of the supreme court, include even a judge's report upon which a case has been reserved, or an opinion delivered in the case or remitted to an inferior court with the judgment. *Inglee* v. *Coolidge*, 2 Wheat. 363. *Williams* v. *Norris*, 12 Wheat. 120–122. *Michigan Central Railroad* v. *Michigan Southern Railroad*, 19 How. 381. *Medberry* v. *Ohio*, 24 How. 414.

The agreement of counsel at the argument upon this writ of *habeas corpus*, that the superior court at the trial refused to allow exceptions, upon the ground that the question had been decided by this court in another case, is not competent evidence that the superior court made any such ruling. The rulings of the superior court can only appear by its own records, showing either an allowance of exceptions, which when allowed become part of the record, or that exceptions have been tendered and disallowed, in which case the first remedy of the party aggrieved would be by petition to this court to establish the truth of his exceptions. Gen. Sts. *c.* 115, § 11. Even upon the hearing of a bill of exceptions in the case in which it has been allowed, this court cannot take into consideration a statement of facts agreed by the parties, which has never been submitted to the judge

whose rulings are excepted to. *Lee* v. *Kilburn*, 3 Gray, 594. *Ashley* v. *Root*, 4 Allen, 505.

It is true that like questions had been brought to this court and decided in a previous case. *Commonwealth* v. *Holbrook*, 10 Allen, 200. But the statutes of the Commonwealth give to the defendant the right of exception in every criminal case. Gen. Sts. *c.* 115, § 7. The fact that a certain question has been once decided against one defendant cannot affect the right of another defendant in another case to take exceptions and bring the question up again. It is not for an inferior court to determine whether a higher court will consider the question as controlled by its own previous decisions, or will upon new argument, or further consideration, or in the light of intervening decisions of the supreme court of the United States, revise an opinion once announced. This court has seen no cause to change or modify its opinion upon this subject; but the question we now have to consider is, not whether that opinion is correct, but whether proper steps have been taken to carry the point in controversy before the tribunal which is, for this purpose, under the constitution and laws of the United States, higher than this court. A party aggrieved by a ruling of the superior court of this state against a right claimed under the constitution and laws of the United States cannot, without bringing the question before this court for adjudication in the same case, go *per saltum,* as it were, from the superior court, which is not the highest court of the state having cognizance thereof, to the supreme court of the United States. The facts necessary to the exercise of the appellate jurisdiction of that court must, as we have already seen, appear on the record; and an agreement of facts by counsel in this collateral proceeding, after judgment and sentence in the superior court, cannot give or take away the appellate jurisdiction of the supreme court of the United States over that judgment, and is no legitimate evidence upon the question whether such jurisdiction does or does not exist.

It is not accurate to say, as was argued for the petitioner in contending that this court could not look into the question of jurisdiction, that this writ of error had been allowed by the

supreme court of the United States. It was allowed, according to the provisions of the Judiciary Act, by a single justice of that court, who has in this regard concurrent authority with a judge of the state court rendering the judgment complained of. U. S. St. 1789, *c.* 20, § 25 ; 1 U. S. Sts. at Large, 86. This court has no power and no wish to prevent the record of the case from being taken upon the writ of error thus issued to the supreme court of the United States. But there never having been any decision in this case by this court, the highest court of the state in which a decision could be had, and the record not showing that any attempt has been made to obtain such a decision, this seems to us to be a case in which the writ of error cannot be maintained, and will therefore, we must presume, be dismissed by the supreme court of the United States for want of jurisdiction and as having been improvidently issued. If that court, upon motion to dismiss, or full argument, should take the same view, and dismiss the case for want of jurisdiction, it could not, according to its own decisions, render any judgment, even for costs, and the bond taken upon the allowance of the writ of error would be of no avail. *Inglee* v. *Coolidge*, 2 Wheat. 363. *Strader* v. *Graham*, 18 How. 602. *Bacon* v. *Otis*, 11 Mass. 409.

Under these circumstances, and in the absence of any con-trolling adjudication of the supreme court of the United States, we see no reason for interfering in this extraordinary manner, by writ of *habeas corpus*, to discharge a person committed under a judgment of a court of competent jurisdiction, in which we can perceive no error, and upon which it appears to us that no writ of error lies.

It is not necessary in this case to consider the important ques-tion, argued at the bar, whether a writ of error to a state court from the supreme court of the United States in a criminal case within its jurisdiction would operate as a *supersedeas* or stay of the execution of the sentence ; and being unnecessary, it does not become us to express any opinion upon that subject.

*Prisoner remanded.*