## MEAD v. PLATT.

(Circuit Court, S. D. New York. August 16, 1883.)

BANKRUPTCY—DISMISSAL OF APPEAL—COSTS.
Where an appeal from the disallowance of a claim by the district court is dismissed for want of jurisdiction, docket fees or other costs are not taxable.

In Bankruptcy.

*Coleridge A. Hart,* for appellee.

*Black & Ladd,* for appellant.

WHEELER, J. This appeal from the disallowance of a claim by the district court in bankruptcy is dismissed for want of jurisdiction. The appellee claims costs of the motion, admitting that he is not entitled to costs of the cause, and that no costs but for a docket fee are taxable on the motion. The language of the supreme court upon this subject is uniform and decisive. In *Inglee* v. *Coolidge,* 2 Wheat. 363, Mr. Chief Justice MARSHALL said: "The court does not give costs where a cause is dismissed for want of jurisdiction." In *McIver* v. *Wattles,* 9 Wheat. 650, he said again: "In all cases where the cause is dismissed for want of jurisdiction no costs are allowed." And in *Strader* v. *Graham,* 18 How. 602, the court said: "This court cannot give a judgment for costs in a case dismissed for want of jurisdiction." *Hayford* v. *Griffith,* 3 Blatchf. 79, cited for the appellee, does not appear to have been dismissed for want of jurisdiction entirely, but for want of security. This fee is taxable only in cases where by law costs are recoverable in favor of the prevailing party, under section 983, Rev. St., and as a part of such costs. *Goodyear* v. *Sawyer,* 17 FED. REP. 2. This court had no jurisdiction by this appeal of any cause in which to render judgment for costs. If there were other costs on the motion which could be allowed, this fee would not be taxable in addition to them, for they would not be taxable in the cause on a disposition of it on the merits. *Dedekam* v. *Vose,* 3 Blatchf. 77, 153. And, further, this appeal is a case at law, as distinguished from cases in equity and admiralty, and in cases at law the allowance of such a fee is provided for only on trial by jury, when judgment is rendered without jury, and when "the cause is discontinued," except in some special proceedings different from this. Rev. St. 824. Here is no jury trial, no judgment rendered, no cause to render judgment in, and none to be discontinued; and consequently nothing on which the docket fee is taxable.

Motion for costs denied.