UNITED STATES, to Use of MOORE, v. McNEILY et al.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1896.)

No. 390.

1. FALSE ARREST—WAIVER—ADMISSION OF IDENTITY.

    One J. M. brought an action on the bond of a United States marshal, for a breach of duty in arresting J. M. under a capias against L. M., issued

upon an indictment against the latter. The marshal pleaded, among other things, that J. M. had entered into a recognizance to answer the indictment, in which he admitted himself to be the person named therein, and also that J. M. had subsequently appeared, pleaded, and been tried and acquitted under the indictment, without disputing his identity. *Held*, that the tort claimed as a breach of the marshal's duty could be waived, and J. M., by entering voluntarily into a recognizance such as was alleged, would be estopped afterwards to deny he was the person indicted.

**2.** SAME—DURESS.

*Held*, further, that such waiver must be voluntary, and that a replication to the plea of waiver, that the plaintiff was coerced into executing the recognizance by imprisonment or the threat thereof, was sufficient.

**3.** SAME—RECORD OF TRIAL—OF WHAT EVIDENCE.

*Held*, further, that the plea of appearance and trial under the indictment was not supported by proof of a record showing only an indictment found against L. M., and that "the defendant" appeared in court, was arraigned, pleaded to the indictment, was tried and acquitted; nor did the recognizance taken supply the defect, though included in the transcript of the record, since it properly formed no part of the record, but was matter in pais.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

This suit was brought in the circuit court of Hinds county, state of Mississippi, by the United States, suing for the use of John L. Moore, against John S. McNeily, United States marshal for the Southern district of Mississippi, and the sureties on his official bond, to recover damages for a breach of said bond, in that the said marshal, under an indictment found in the circuit court of the United States for the Southern district of Mississippi against L. L. L. Moore for a violation of the revenue laws of the United States, and a capias issued therein, falsely arrested the said John L. Moore at his home in Leake county, in said district, against the protest that he was not the person named in and designated thereby, and did unlawfully, forcibly, and willfully take plaintiffs' usee into custody, and force and compel him, by threats and menace, to proceed to Jackson, in said Southern district, the place appointed by law for the holding of said district court, and surrender himself to the said marshal upon the false pretense that said usee was the party intended to be indicted. And the plaintiff further avers that, being so brought to the said city of Jackson, he was thereafter, by said marshal, compelled to be and appear from time to time and term to term before the said district court of the United States, until the ——— day of November, 1894, when he was discharged, and, in the interim, that the said John L. Moore, plaintiff's usee, was unlawfully imprisoned by the said marshal, and was for a long time, to wit, 11 months, put to great expense and loss of time, and subjected to great shame, humiliation, anxiety, trouble, and distress of mind, as well as brought into disrepute among his neighbors, by reason and because of the false and unlawful arrest and imprisonment above mentioned.

At the January term, 1895, the defendants filed a general demurrer to the declaration, and at the same term, by proper proceeding, removed the cause to the circuit court for the Southern district of Mississippi. At the May term of the circuit court for the Southern district of Mississippi, the demurrer was overruled, and thereupon three several pleas were filed. The first denied the breach of the bonds, and asserted that the marshal did take the body of, and arrest, the said L. L. L. Moore, as required by the capias. The second seemed to be a general denial of the facts stated in the declaration, charging that the person now calling himself John L. Moore was, in point of fact, the same identical party named and described, and intended by the grand jury to be named and described, in the indictment set forth in the declaration, and in the capias under which said arrest was made, and that the arrest was lawful, etc. The third plea sets forth, in detail: That the said John L. Moore, plaintiffs' usee, appeared pursuant to the arrest, and in custody of the deputy marshal, before a United States commissioner, and there executed a recognizance as follows:

" 'Be it remembered that on this 22nd day of November, A. D. 1893, before me, a commissioner duly appointed by the circuit court of the United States for the said Southern district of Mississippi, personally came Jno. L. Moore (indicted under name of L. L. L. Moore), as principal, and J. D. Moore and W. D. McMillan, as sureties, and jointly and severally acknowledged themselves to owe to the United States of America the sum of $500, to be levied on their goods and chattels, lands and tenements, if default be made in the condition following, to wit: The condition of this recognizance is such that, if the said Jno. L. Moore shall personally appear before the district court of the United States, in and for the district aforesaid, at Jackson, Mississippi, on the first day of the next regular term thereof, then and there to answer the charge of having, on or about the ―――― day of September, 1893, within said district, in violation of section ―――― of the Revised Statutes of the United States, unlawfully engaged in the business of illicit distilling, and then and there abide the judgment of said court, and not depart without leave thereof, then this request to be void; otherwise, to remain in full force and virtue.

" '[Seal.]                                           John L. Moore.
                                                              his
" '[Seal.]                                           J. D.  X  Moore.
                                                              mark.
" '[Seal.]                                           W. D. McMillan.'

—"Which said recognizance was duly executed in conformity to law, and filed amongst the papers of said cause, constituting a part of the record thereof."

And that afterwards the said plaintiffs' usee did again appear before the said commissioner, and execute a further recognizance for appearance as follows:

" 'Be it remembered that on this 14th day of May, A. D. 1894, before me, a commissioner duly appointed by the circuit court of the United States for the said Southern district of Mississippi, personally came L. L. L. Moore, principal, and Eli N. Moore, surety, and jointly and severally acknowledged themselves to owe the United States of America the sum of five hundred dollars, to be levied on their goods and chattels, lands and tenements, if default be made in the condition following, to wit: The condition of this recognizance is such that, if the said L. L. L. Moore shall personally appear before the district court of the United States, in and for the district aforesaid, at Jackson, on the 8th day of the regular term thereof, and then and there to answer the charge of having, on or about the ―――― day of September, 1893, within said district, in violation of section ―――― of the Revised Statutes of the United States, unlawfully engaged in the business of illicit distilling, and then and there abide the judgment of the said court, and not depart, without leave thereof, then this recognizance to be void; otherwise, to remain in full force and virtue.

" 'Jno. L. Moore.
" 'E. N. Moore.'

—"Which recognizance was duly executed, and was filed among the papers of said cause, and became a part of the record thereof."

That afterwards, to wit, on the 8th day of November, 1894, the said plaintiffs' usee appeared in said court in the presence of the district attorney and the judge, in open court, and, a jury being impaneled, the said plaintiffs' usee was then and there arraigned on the said indictment by the name of L. L. L. Moore, and did then and there plead not guilty, and go to trial on the merits of said cause, the said trial resulting in a verdict of not guilty.

Demurrers were filed to the foregoing pleas, which, upon hearing, were sustained as to the second plea, but overruled as to the first and third. And thereupon the plaintiffs took issue on the first plea, and replied to the third plea by admitting that, as therein charged, said John L. Moore executed the recognizances before the commissioner for his appearances, but charged that, at the time and place, he, said John L. Moore, protested that he was not the said L. L. L. Moore, and declined and refused to sign the said bonds otherwise than by his name John L. Moore, and was induced to sign and coerced to sign said bonds, under threat of imprisonment and actual imprisonment, as the condition for the restoration of his liberty, whereof he had been unlawfully deprived; the said marshal of the United States then and there pretending and

claiming that said usee was L. L. L. Moore, and the party intended to be indicted, and the said United States commissioner then and there yielding to and being governed and controlled by said contention. And the said plaintiffs further averred that it was not true, as alleged in said third plea, that the said John L. Moore was ever arraigned and tried as therein alleged; but, on the contrary, no such proceedings were ever had, nor was said John L. Moore ever arraigned, nor afforded opportunity to plead in any way, and the said cause was disposed of by the district attorney, in the absence of, and without the knowledge of, said usee, and by instructing the jury to find and return a verdict of "not guilty," without arraignment or trial of any kind on the merits of the controversy, all of which was done to conclude plaintiffs' usee from asserting his right to compensation and damages as in the declaration alleged.

To the replication to the third plea the defendants demurred as insufficient, and as contradicting, by parol, the records of the court, and as being scandalous and impertinent, which demurrer was sustained, with leave to plaintiffs to reply further to said third plea; and thereupon a plea of nul tiel record was entered to the third plea. Upon this last plea the cause was submitted to the court in advance of the trial of the cause on other issues joined, whereupon the court found that the third plea was true, and, in fact, that the said record does exist, and thereupon dismissed the defendants without day. The plaintiffs sued out this writ of error, assigning errors as follows:

"(1) The court erred in overruling the demurrer of the plaintiffs' usee, etc., to the first and third pleas of the defendants. (2) The court erred in sustaining defendants' demurrer to the replication of plaintiffs' usee, etc., to defendants' third plea. (3) The court erred in adjudging, upon the replication of nul tiel record to defendants' third plea, that there was such record, and in nonsuiting the plaintiffs' usee, etc., and rendering judgment that defendants go hence without day, etc. The record in the case of the United States v. L. L. L. Moore was not evidence establishing or tending to establish the allegation of the plea, ——the recognizances were no part thereof, and were void and without effect on the plaintiffs' demurrer."

W. L. Nugent, for plaintiffs in error.

E. Mays, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). There was no error in overruling the motion to strike out the defendants' first plea. As we read the said plea, it is neither more nor less than the general issue.

The third plea alleges a waiver by, and an estoppel against, John L. Moore, substantially, in that the said John L. Moore, after his arrest under a capias commanding the arrest of L. L. L. Moore, appeared before a commissioner of the circuit court of the United States, and entered into a recognizance, with sureties, for his appearance to answer certain criminal charges before the United States district court for the Southern district of Mississippi, and in said recognizances admitted that he was indicted under the name of L. L. L. Moore, and thereafter again appeared before the same commissioner, and entered into another recognizance, with surety, for his appearance before the said district court to answer, etc., therein and thereby admitting that he was L. L. L. Moore; and that thereafter the said John L. Moore appeared in the district court of the United States for the Southern district of Mississippi, and was there arraigned on an indictment by the name of L. L. L. Moore, and there, in the presence of the district attorney and the judge of the court, in open court, and a jury impaneled, the said John L. Moore

did then and there plead not guilty, and go to trial on the merits of said cause. the said trial resulting in a verdict of not guilty,—all of which defendants offer to verify by the record.

There is no doubt that a tort like a false arrest may be waived. See 3 Wait, Act. & Def. 327, 328. And if it be true, in fact, that John L. Moore was arrested by the marshal, under a capias commanding the arrest of L. L. L. Moore, and thereafter the said John L. Moore voluntarily admitted that he was the person named in the indictment, and entered into a recognizance for his appearance, and thereafter was brought before the court in which the indictment against L. L. L. Moore was found, and there was arraigned as the identical L. L. L. Moore, and made no objection thereto, then it would seem that the said John L. Moore ought to be thereafter precluded from contending that he was not the person named in the indictment and capias.

The plaintiffs' usee met the third plea by a general demurrer, which, we are of opinion, was properly overruled. Perhaps, if the objections urged against the first plea had been urged against the third, the result would have been more satisfactory to the plaintiffs. The demurrer being overruled, the plaintiffs' usee replied to the third plea, substantially, that he entered into both recognizances under duress, protesting that he was not the said L. L. L. Moore, and refused to sign the said bonds otherwise than by his name of John L. Moore, and was induced and coerced to sign the same under threats of imprisonment and actual imprisonment; and as to that part of the plea alleging a trial before the district court for the Southern district of Mississippi, he denied that he was ever arraigned and tried, as alleged in said plea, that such proceedings were ever had, or that said John L. Moore was ever arraigned, or afforded opportunity to plead in any way, and he averred that the said cause was disposed of by the district attorney in the absence of, and without the knowledge of, said John L. Moore, and by instructing the jury to find and return a verdict of not guilty, without arraignment or trial of any kind on the merits of the controversy. Conceding that a tort, like 'a false arrest, may be waived, we are clear that the waiver must be voluntary. So far as any waiver can be claimed as to the giving of the recognizances before the United States commissioner, which were matters in pais and not of record (Inglee v. Coolidge, 2 Wheat. 363; U. S. v. Taylor, 147 U. S. 703, 13 Sup. Ct. 479), we think it is sufficient reply to say that the said recognizances were given involuntarily and under duress of imprisonment, and for the purpose of securing liberty.

The waiver or estoppel claimed as resulting from the proceedings in the district court, as set forth in the plea and denied by the replication, presents a more difficult matter. The plea charges that the appearance, arraignment, trial, and discharge on a plea of not guilty, of John L. Moore, under the name of L. L. L. Moore, before the United States district court for the Southern district of Mississippi, appears by the record. The record of that court imports verity, and, if it shows the matters charged in the plea, then such matters are to be taken as indisputably true. If the replication to this part

of the plea can be taken as, in substance, a plea of nul tiel record, then it seems clear that the replication to the third plea, which we have been considering, was in all respects sufficient. The court below, however, sustained a demurrer to said replication, setting up that it was insufficient in law, assuming to contradict, modify, and correct by parol the records of the court, and scandalous and impertinent. This ruling is assigned as error, but the view we take of the next assignment dispenses with a ruling thereon. Driven to again attempt to answer the third plea, the plaintiffs' usee filed an answer denying there was any such record. Upon hearing the issue made by this answer, the court below, upon inspection of the record, found that the third plea was true in fact, and that such record existed. The record exhibited found in the bill of exceptions shows an indictment against L. L. L. Moore, duly found, and this entry:

"And on the 8th day of November, 1894, there was entered in said case a verdict and judgment in the words and figures following, to wit:

" 'United States vs. L. L. L. Moore. B. L. D. 1,830.

" 'Came the United States attorney and also the defendant in open court, who, being arraigned, pleaded not guilty as charged in the indictment. Thereupon came a jury of good and lawful men, to wit, N. W. Bankston and eleven others, who being elected, impaneled, charged, and sworn upon their oaths say, "We, the jury, find the defendant not guilty." Thereupon the defendants were discharged.' H. C. Niles, Judge, etc."

Inserted in the alleged record, and claimed to be a part thereof, appear the proceedings had in which the said John L. Moore entered into certain recognizances before a commissioner of the circuit court, as set forth in the said third plea. As remarked before herein, said recognizances were matters in pais, and in our opinion form no part of the record in the case; but, whether they do or do not, we are clearly of opinion that the finding of the court that the plea was supported by the record is erroneous. The gist of the plea is that John L. Moore, under the name of L. L. L. Moore, appeared in the United States district court for the Southern district of Mississippi, and was there arraigned, and pleaded not guilty, and was tried on the merits. The record shows that L. L. L. Moore appeared, was arraigned, tried, and discharged. The whole theory of the plaintiffs in the court below was based on the fact that L. L. L. Moore was indicted, that a capias issued against said L. L. L. Moore, and that thereunder the marshal falsely arrested said John L. Moore. A record which shows that L. L. L. Moore was indicted, arraigned, tried, and acquitted has no bearing whatever upon the question whether John L. Moore was arrested and imprisoned under a capias commanding the arrest of L. L. L. Moore. If we eliminate from the alleged record the matter inserted, and which properly forms no part thereof, then we have a record in which John L. Moore, plaintiffs' usee, is not even mentioned.

The judgment of the circuit court is reversed, and the case remanded, with instructions to enter a judgment for the plaintiffs on the answer of nul tiel record to the defendants' third plea, and thereafter proceed in said cause according to law and the views expressed in this opinion.