# RAE *v.* HOMESTEAD LOAN AND GUARANTY COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 261. Submitted December 18, 1899. — Decided January 22, 1900.

The plaintiff in error executed and delivered to the defendant in error a bond for $4900 (with a mortgage of real estate in Illinois to secure it), payable " in gold coin of the United States of America of the present standard weight and fineness." Default being made, the defendant in error brought suit to foreclose the mortgage, praying judgment according to the bond and mortgage. The plaintiff in error demurred, alleging that the matters and things set out in the bill were contrary to public policy and void, because it was not lawful for the parties to make any money but gold and silver a money tender in payment of the debt, and for other reasons set forth in the statement of the case, below. This was overruled, and, as no further answer was made, the trial court held that the debt and interest, etc., were due amounting to the sum of $5350.76 and decreed that if the sum due was not paid within five days, the mortgaged real estate should be sold. This decree was sustained by the Appellate Court, whose judgment was sustained by the Supreme Court of the State. *Held,* that the state Circuit Court, having simply held plaintiffs in error to respond in lawful money, and entered its decree accordingly, and the Supreme Court having decided that plaintiffs in error could not complain of that decree, because not prejudiced thereby, this was not a decision against any right secured by the Constitution or laws of the United States specially set up or claimed by plaintiffs in error in those courts.

THE Homestead Loan and Guaranty Company filed its bill in chancery, in the Circuit Court of Cook County, Illinois,

against Robert Rae, Jr., and his wife for the foreclosure of a certain mortgage or trust deed on real estate in that county, given by them to secure a bond whereby Rae acknowledged that he was bound to the company "in the sum of ninety-eight hundred dollars ($9800.00) in gold coin of the United States of America, of the present standard weight and fineness," and which recited that the company had advanced to him "the principal sum of forty-nine hundred dollars ($4900), which said sum, together with interest thereon, costs, charges and expenses, amounting in the aggregate to the sum of seventy-eight hundred sixty-seven dollars and twenty cents ($7867.20) is to be repaid within ten years from date in gold coin as aforesaid, in monthly instalments of sixty-five dollars and fifty-six cents ($65.56) each, payable on the first day of each calendar month during the said term of ten years. . . ."

The bill alleged default in the payment of certain monthly instalments, and that, in pursuance of the terms of the bond and trust deed, the company had declared the entire amount of the loan due and payable, and prayed "that upon the hearing hereof the court will ascertain upon an accounting how much is due to the complainant under the terms of said bond and trust deed, and will decree the payment of any amount so found due, by a short day, in gold coin of the United States of the present standard weight and fineness;" and for sale and foreclosure, if the amounts decreed were not paid.

Defendants demurred to the bill, and set forth the following causes of demurrer:

"(1) The matters and things set out in the complainants' bill are contrary to public policy and void. (2) Because it is not lawful for the complainants and the defendants to make any money but gold and silver money a money tender in payment of any debt contracted in the United States to be paid in the United States. (3) That so much of the act of Congress of February 28, 1878, entitled 'An act to authorize the coinage of the standard silver dollar, and to restore its legal tender character,' which provides that gold and silver money of the United States shall be a legal tender for payment and discharge of debts and obligations is valid, but the proviso per-

mitting parties to make such special contracts as they please as to the payment of debts and obligations in money other than gold and silver is void.   (4) That the contract or mortgage set forth in said bill and the relief prayed therein is void, as against public policy.   (5) That by virtue of article I, section 8, paragraph 5, of the Constitution of the United States, Congress alone has 'power to coin money and regulate the value thereof,' and that by article I, section 10, paragraph 1, of said Constitution it is provided .that 'no State shall coin money, emit bills of credit, or make anything but gold and silver coin a tender' in payment of debts, in contracts made in the United States to be performed in the United States. Said defendants claim, jointly and severally, the benefits of said constitutional provisions.   (6) That said bill should be dismissed for want of equity."

The demurrer was overruled, defendants excepted, elected to abide by it, and refused to answer over. The bill was thereupon taken as confessed, and the Circuit Court on the evidence entered a decree of foreclosure, finding that the defendant Rae, Jr., "being indebted to the complainant in the sum of $4900 for a loan made by the complainant to said defendant, executed and delivered to the complainant his bond, bearing date the 1st day of August, 1895, which bond is correctly set out at length in complainant's bill;" that to secure the bond said trust deed was duly given and recorded, and was a valid and first lien on the premises therein described; that default had been made in the payment of instalments as alleged, and that the whole amount had been declared due; and that there was due from defendant to complainant, for principal and accrued interest, the sum of $5350.76, together with some other items; and decreed that if the sums due were not paid within five days the real estate mortgaged should be sold in satisfaction.

Defendants appealed to the Appellate Court of the State of Illinois for the First District, and assigned for error the action of the Circuit Court in overruling the demurrer, etc., and in not dismissing the bill because it claimed there was due the sum found to be due in gold coin of the United States of the

present standard in weight and fineness. The decree was affirmed by the Appellate Court. *Rae* v. *Homestead Loan & Guaranty Company*, 76 Ill. App. 548.

From that decree, defendants appealed to the Supreme Court of Illinois, by which it was affirmed. *Rae* v. *Guaranty Loan & Trust Company*, 178 Illinois, 369, 371. The opinion of the Supreme Court was as follows: " The elaborate and able argument for appellants cannot be considered on what appears from this record, as the decree does not find or require judgment in any particular kind of money, but finds a sum due in dollars and cents. Even if it were assumed that contracts of this character could not be sustained, still, by the final decree the appellants are not prejudiced, — they cannot be heard to complain in an appellate tribunal. If the character of money in which payment is contracted to be made be rejected from the contract, still the liability for payment in some kind of legal tender would exist, hence by the decree no prejudice resulted to appellants in overruling their demurrer."

The present writ of error was then brought and defendants in error moved to dismiss or affirm.

*Mr. John P. Wilson, Mr. William B. McIlvaine* and *Mr. Frederic D. McKenney* for the motion.

*Mr. Robert Rae* opposing.

Mr. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The Circuit Court of Cook County did not find the sums due as due, nor decree their payment, in gold coin of the United States. The record does not show that when the instalments matured any demand was made for their payment in gold, nor that a tender of money other than gold was made, or, if made, that such tender would not have been accepted. The presumptions are entirely to the contrary. The Circuit Court decreed that the liability be discharged in any lawful money of the United States, and the Supreme Court held that

defendants below could not be heard to complain of a decree by which they were not prejudiced. This was a ground broad enough to sustain the judgment without reference to any Federal question supposed to be involved.

According to the terms of section 709 of the Revised Statutes, we exercise jurisdiction over the final judgments and decrees of state courts, where the validity of a treaty or statute of, or authority exercised under, the United States, is drawn in question and the decision is against their validity; or where the validity of a statute of, or an authority exercised under, any State, is drawn in question on the ground of repugnancy to the Constitution, treaties or laws of the United States, and the decision is in favor of their validity; or where any title, right, privilege or immunity is claimed under the Constitution, or any treaty or statute of or commission held, or authority exercised under, the United States, and the decision is against the title, right, privilege or immunity specially set up or claimed by either party, under such Constitution, treaty, statute, commission or authority.

The decision of the Supreme Court of Illinois was not against the validity of a treaty or statute of, or authority exercised under, the United States; nor was it in favor of the validity of any statute of, or authority exercised under, the State of Illinois, asserted to be repugnant to the Constitution or laws of the United States; nor was it against any title, right, privilege or immunity specially set up or claimed by plaintiffs in error.

The validity of part of the act of Congress of February 28, 1878, c. 20, 20 Stat. 25, was questioned, but plaintiffs in error cannot bring the case here on the objection that that contention was not sustained.

The benefit of clause five, section eight, of article one, of the Constitution, empowering Congress to coin money and regulate the value thereof, and of clause one, section ten, of article one, providing that no State shall coin money, emit bills of credit, or make anything but gold and silver coin a tender for the payment of debts, was claimed; but the state courts did not deny to Congress any power granted, nor assert

in respect of the State any power prohibited, and it did not appear that plaintiffs in error were deprived of any benefit secured by either of those provisions.

Plaintiffs in error pointed out no provision of the Constitution, or of any law of the United States, forbidding the making of contracts payable in gold coin of the United States, but contended that contracts so made payable were void because opposed to public policy. The state Circuit Court, however, simply held plaintiffs in error to respond in lawful money, and entered its decree accordingly, and the Supreme Court decided that plaintiffs in error could not complain of that decree, because not prejudiced thereby. This was not a decision against any right secured by the Constitution or laws of the United States specially set up or claimed by plaintiffs in error in those courts.

*Writ of error dismissed.*