# BAKER *v.* BALDWIN.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 4. Submitted October 14, 1902.—Decided November 3, 1902.

The Supreme Court of Michigan affirmed a decree compelling the release of a mortgage, payment whereof had been tendered in silver dollars coined after 1878 and refused on the ground that the legal tender provisions of the act of Congress of February 28, 1878, were unconstitutional. As such decision was not against the validity of the statute but sustained its validity, and as the jurisdiction of this court over the judgments and decrees of state courts in suits involving the validity of statutes of the Uni-

ted States can only be exercised under section 709 of the Revised Statutes when the decision is against their validity, the writ of error was dismissed.

THE case is stated in the opinion of the court.

*Mr. Albert B. Hall* and *Mr. Fred A. Baker, in propria persona,* for plaintiff in error.

*Mr. Timothy E. Tarsney* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill filed by Stephen Baldwin in the Circuit Court for the county of Oakland, Michigan, against Fred A. Baker, to compel the release of a mortgage given to secure payment of a promissory note for three hundred and thirty dollars, dated January 12, 1894, and payable in three years thereafter.

Baldwin had purchased the land subject to the mortgage, which had been assigned to Baker, and tendered the amount due thereon in silver dollars coined after 1878. This tender Baker declined to accept on the ground that the legal tender provisions of the act of Congress of February 28, 1878, entitled " An act to authorize the coinage of the standard silver dollar, and to restore its legal-tender character," 20 Stat. 25, c. 20, were unconstitutional, and refused to discharge the mortgage as demanded by Baldwin.

The Circuit Court for Oakland County entered a decree in accordance with the prayer of the bill, and Baker carried the cause by appeal to the Supreme Court of Michigan, which affirmed the decree. *Baldwin* v. *Baker,* 121 Michigan, 259. This writ of error was then allowed.

The Supreme Court of Michigan said : " The sole question presented is whether the act in question, making the silver dollar of 412.5 grains troy of standard silver a full legal tender for all debts and dues, public and private, is constitutional ; " and held that it was. That decision is assigned for error but it was not a decision against the validity of the statute, and on the contrary sustained its validity.

As our jurisdiction over the judgments and decrees of state courts in suits in which the validity of statutes of the United States is drawn in question can only be exercised, under section 709 of the Revised Statutes, when the decision is against their validity the writ of error cannot be maintained. *Missouri* v. *Andriano,* 138 U. S. 496 ; *Rae* v. *Homestead Loan and Guaranty Company,* 176 U. S. 121.

*Writ of error dismissed.*