## SWEESY v J. M. POTTER OIL CO, INC

Ohio Appeals, 9th Dist, Summit Co
No. 1947. Decided March 19, 1931

Myers, Dinsmore & Whittemore, Akron, for Sweesy.

Sheck & Stevens and N. M. Greenberger, all of Akron, for Oil Co.

as claimed, by the defendant in error, bring the proceedings within that part of 11894 GC. which provides that a receiver may be appointed in a suit—

"1. * * * by a creditor to subject property or a fund to his claim, * * * on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property·or fund is in danger of being lost, removed, or materially injured."

The appointment of a receiver is always ancillary to a principal proceeding, and under the foregoing-quoted section, the suit itself must be one to subject property to the claim of the plaintiff, on his application, and where his right to or interest in the property or the proceeds·thereof is probable.

There are no allegations in this petition by which the defendant in error attempts to subject the property of the plaintiff in error to any right or interest which the defendant in error had therein. The allegations of the petition make it strictly one at law, with a prayer for a money judgment. It is true that the petition recites facts which show how the different accounts arose, all being connected with the operation of the service station which is held by the plaintiff in error under a lease from the defendant in error, but the defendant in error does not attempt to subject the leased property and its contents to its claims and is not asking any principal relief in regard to it, and does not allege or ask that any specific interest therein be found in its favor and the property disposed of in accordance therewith, but only asks that said property be taken possession of by a receiver, to be held by him until it is determined in said action at law whether said plaintiff in error is indebted to said defendant in error as claimed by it.

If this proceeding can be maintained as claimed, then in any action at law to obtain a money judgment, a receiver may be appointed for any or all property of the defendant, whether involved in the litigation or not, and there would not be much use for the attachment proceedings now provided in the civil code.

As is said in 4 Pomeroy's Equity Jurisprudence, Sec. 1539, quoted with approval by Judge Washburn in the case of Guardian Financing Co. v Davidson, 23 Oh Ap 143, at p 146:

"Unless authorized by statute, there is no such thing as an action brought

PARDEE, PJ.

We have carefully read this petition and examined the law cited to us by the parties interested, and we are of the opinion that the action was one at law to recover a money judgment, and that the allegations of the petition hereinbefore quoted do not,

distinctly for the mere appointment of a receiver; to justify the appointment it is essential that some proper final relief in equity be asked for in the bill which will justify the court in proceeding with the case."

The petition of the defendant in error not asking for any final relief concerning the property for which the receiver was sought and appointed, we are of the opinion that the appointment of the receiver by the Court of Common Pleas was erroneously done. The order of that court is therefore reversed and the receiver discharged; and the petition of the defendant in error not stating a cause of action justifying the appointment of a receiver, final judgment in this regard is rendered for the plaintiff in error.

WASHBURN, J, and FUNK, J, concur.