Court of Common Pleas of Hamilton County.

MASON V. WADE FURNACE CO.

Decided February 15, 1932.

*H. Henry Sunderman,* for plaintiff.
*Samuel Rotter,* for defendant.
*W. Donald Hall,* for intervenor.

MATTHEWS, J.

This cause comes before the court upon the motion of an intervening creditor to set aside an order made appointing a receiver of the assets of the defendant company. The ground of the motion is that the petition does not state facts in law sufficient to justify the appointment of a receiver, and that such facts were not presented to the court upon the hearing.

The facts necessary to be noticed in passing upon this motion are that the plaintiff in his petition alleges that the defendant is a corporation under the laws of this state, and that it is engaged in the warm air furnace business. He alleges that the defendant is indebted to him in the sum of one hundred and twenty-five ($125.00) dollars long past due, and that he is also a stockholder. He also alleges that the defendant is *unable to pay its obligations as they become due,* and is unable to arrange for funds for necessary operating expenses and liquidat-

ing its liabilities without jeopardizing the rights of the parties; that its total assets will exceed its total liabilities and that it is solvent provided its assets are properly protected and not dissipated, and that unless a receiver is appointed judgment against it will be rendered and levies made which will prevent the defendant from carrying on its business resulting in the dissipation of its assets. Plaintiff also alleges that the defendant is being continually harrassed by its creditors who threaten execution and that the plaintiff fears that its assets may be lost or materially injured unless a receiver is appointed to take charge of same; and it is impossible for the defendant to conduct its business without a multiplicity of actions and levies against it. The prayer of the petition is:

"That the plaintiff be compelled to pay its obligation to him of one hundred twenty-five dollars ($125.00) aforesaid, and that all necessary steps to conserve his rights as a creditor and stockholder of defendant be taken until the defendant's liabilities are liquidated, that this court administer as a trust fund all the assets, property and rights of the defendant company; that a receiver be appointed to take charge of, manage and conduct the business of the defendant and to reduce to his possession the property and assets of the defendant for the benefit of its creditors and stockholders, etc."

The cause came on to be heard on the plaintiff's motion for the appointment of a receiver and at that hearing the defendant corporation, by its officers and attorneys, was present in court, admitted the allegation of the petition, and on behalf of all its stockholders as well as the corporate entity joined in the prayer that the court appoint a receiver.

In this situation the court appointed a receiver, and the motion of the intervening judgment creditor now before the court raises the question of the validity of that appointment.

The question here presented has been frequently before the Federal courts. In the case of *Horn* v. *Pere Marquette R. Co. et al.,* 151 Fed. 626, the court considered

the validity of the appointment of Judson Harmon as receiver of the Pere Marquette Railway Company on a bill in equity filed by a single unsecured creditor who had no judgment, and claimed no lien. Speaking through Judge Lurton, afterwards Justice Lurton of the United States Supreme Court, the court at 633 and 634 said:

"Next it is said that the bill under which the receiver was appointed was filed by a single unsecured creditor, who had no judgment, and who claimed no lien. But the defendant debtor appeared, and, by a sworn answer, confessed the debt and its utter insolvency, and joined in the prayer for the appointment of a receiver. The objection, if tenable in view of the confession of the debt and of insolvency, was one which, in a case where the court had jurisdiction, of the parties and is of general equitable cognizance, may be waived 'and, when waived, stands as though no such objection ever existed.' *Tompkins* v. *Catawba Mills* (C. C.) 82 Fed., 780; *Sage* v. *Memphis etc., Ry. Co.,* 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694; *Mellen* v. *Moline etc., Iron Works,* 131 U. S. 352, 9 Sup. Ct. 781, 33 L. Ed. 178; *Hollins* v. *Brierfield Coal, etc., Co.,* 150 U. S. 371, 380, 14 Sup. Ct. 137, 57 L. Ed. 1113. In the case last cited, the court expressly held that such an objection must be made *in limine* or it is waived, citing *Reynes* v. *Dumont,* 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934, and other cases. In *Central Trust Co.* v. *Mc-George,* 151 U. S. 131-135, 14 Sup. Ct. 286, 38 L. Ed. 98, where a corporation had waived the fact that it was sued in the wrong district by an appearance and consent to the appointment of a receiver, the objection was subsequently made by stockholders and creditors who came in and challenged the appointment so made. After deciding that neither the complainant nor defendant were residents of the district, the court ruled that the objection, though good if made in time by the defendant, had been waived. The court then added:

'It is scarcely necessary to say that, as the defendant company had submitted itself to the jurisdiction of the court, such voluntary action could not be overruled at the instance of the stockholders and creditors, not parties to the suit as brought, but who were permitted to become such by an intervening petition.'

To much the same effect is *Citizens' Bank* v. *Union Mining Co.,* (C. C.) 106 Fed. 97. A most absurd result would ensue if, when the corporation has submitted to the

jurisdiction of a court of equity or to the local jurisdiction, a creditor could come in, or when brought in, might reopen the matter of jurisdiction over the debtor corporation. If such an objection is not waived once for all, so as to close the question as to stockholders and creditors, what number of creditors would conclude the rest? In *Grand Trunk Ry. Co.* v. *Central Vermont Ry. Co.* (C. C.) 85 Fed. 67, it was very logically ruled by Judge Wheeler that a mortgagee subsequently intervening and being made a defendant could not demur to the bill because the complainant who filed the bill was not a judgment creditor, being bound by the waiver of that objection by the railroad company which had answered, and consented to the appointment of a receiver."

It will be observed that in *Horn* v. *Pere Marquette, supra,* there was an allegation in the bill of insolvency, but the court did not have before it the question of the sense in which that term was used. This question was considered, however, in the Ohio case of *Cincinnati Equipment Company* v. *Degnan,* 184 Federal, 834. In that case the United States Court of Appeals through Judge Warrington reaffirmed the jurisdiction of equity to appoint a receiver on the bill of a simple contract creditor when the defendant appears and admits the allegations in the bill. Discussing the meaning of the term insolvency, Judge Warrington at page 840 said:

" 'Insolvency,' as counsel urge it, is statutory, and in administering the bankruptcy act must be strictly adhered to. *Duncan* v. *Landis* (Third Circuit) 106 Fed. 839, 858, 45 C. C. A. 666. Insolvency has, however, another and different meaning. To illustrate, we may refer to the definition given by the Supreme Court when considering the term 'insolvency' under the bankruptcy act of 1867, which did not define the term. As stated by Justice Clifford in *Dutcher* v. *Wright,* 94 U. S. 553, 557, 24 L. Ed. 130:

'Insolvency' in the sense of the bankrupt act, means that the party whose business affairs are in question is unable to pay his debts as they become due, in the ordinary course of his daily transactions.' *Wager* v. *Hall,* 16 Wall, 584, 599, 21 L. Ed. 504; *Toof* v. *Martin,* 13 Wall, 40, 47, 20 L. Ed. 481.'

Insolvency was many years ago defined in Ohio to be (*Mitchell* v. *Cazzam,* 12 Ohio, 315, 356) :

'In the mercantile sense, it means a person unable to pay his debts according to the usages of trade. But, in the broad sense used by the statute, it means a person whose affairs have become so deranged that he is unable to pay his debts as they fall due; and if from such a deranged state of his affairs, and the sense of inability to meet his moneyed engagements, he should transfer his property to a person to pay his debts, we should regard such assignment as made in contemplation of insolvency, and within the meaning of the statute.'

This definition has been followed in Ohio circuit and common pleas courts. *Am. History Co.* v. *Baker, Assignee,* 18 Ohio Cir. Ct. R. 604, 605; *Perkins* v. *Scott,* 9 Ohio Cir. Ct. R. 207, 215; *Remington & Son* v. *Central Press Ass'n. Co.,* 3 Ohio N. P. 258, 263; *Baker* v. *Fraternal Mystic Circle,* 32 Wkly. Law Bul. 84, 85. In *American Can Co.* v. *Erie Preserving Co.* (C. C.) 171 Fed. 540, 542, it is said:

'The allegations in the bill that the defendant could not pay its current obligations as they matured, and that it was unable in the ordinary course of its business to pay its existing and enforceable liabilities, was a proper and sufficient allegation of insolvency. *Brouwer* v. *Harbeck,* 9 N. Y. 593; 16 Am. & Eng. Ency. of Law, 636; *Buchannon* v. *Smith,* 16 Wall, 277 (21 L. Ed. 280); *Herrick* v. *Sorst,* 4 Hill (N. Y.) 652. 'Insolvency' as the term is used in equity, is clearly differentiated from the meaning which is given it by the bankruptcy act.' See, also *Citizens' Bank & Trust Co.* v. *Cold Co.* (C. C.) 106 Fed. 97, 100; *In re Douglas Coal & Coke Co.* (D. C.) 131 Fed. 769, 774, 779; *In re Edward Ellsworth Co.* (D. C.) 173 Fed. 699, 700."

So that the petition does contain allegations of insolvency as defined in cases in this state, and these allegations were admitted in open court by the defendant.

The Supreme Court of the United States in more than one case has held that, if the defendant corporation does not raise the defense that the plaintiff creditor has not exhausted his legal remedies, the defense is waived and equity has jurisdiction to appoint a receiver. This was held in the case of In re *Metropolitan Railway Co., Rec'r.,* 208 U. S. 90, the decision being stated in the syllabus in this language:

"The defense in an equity suit that the complainant has not exhausted his remedy at law or is not a judg-

ment creditor may be waived by the defendant, and when waived—as it may be by consenting to the appointment of receivers—the case stands as if the objection had never existed."

To the same effect are *Hollins* v. *Brierfield Coal & Iron Co.*, 150 U. S. 370; *Equitable Trust Co.* v. *White Lumber Co.*, 41 Fed. (2 D.) 60; *First National Bank* v. *Stewart Fruit Co.*, 17 Fed. (2D.) 621; and *Field* v. *Kansas City Refining Co.*, 9 Fed. (2D.) 213.

In the Federal court the separation of law and equity has been maintained to a great extent in practice and procedure. The Ohio courts have no such difficulty, the distinction having been entirely abolished and both being exercised by the same court in the same case under the same pleadings.

It is urged, however, that there are Ohio cases deciding that a simple contract creditor cannot secure the appointment of a receiver before judgment, and, of course, if so, it is the duty of the court to follow such decisions. The case of *The Wiedeman Brewing Co.* v. *Herman et al.*, 2 O. A. 260, is cited as holding the contrary. That case arose in the Insolvency Court of Hamilton County whose jurisdiction was limited to appointing receivers in cases pending in such court "by a creditor to subject property or a fund to his claim." The Insolvency Court had no jurisdiction to render a personal judgment for money. The plaintiff was a simple contract creditor without a judgment or a lien. There was, therefore, no ultimate relief that the court of insolvency had jurisdiction to grant. No final judgment therefore, could have been rendered in that case, and the court therefore had before it a case simply and solely for the appointment of a receiver as the ultimate relief in the case. This is shown by the opening paragraph of the opinion of the court, as follows:

"The only question involved in this case is the jurisdiction of the incolvency court, in an action to appoint a receiver to take charge of all the property of a corporation on the petition of a creditor whose claim is on an account for merchandise sold and has not been reduced to judgment, where the sole object of the receivership

is to conserve the property of the defendant and prevent the levy of an execution or executions thereon and sale thereunder."

In contrast the case at bar is pending in a court of general law and equity jurisdiction. This court has jurisdiction to render a personal judgment in favor of the plaintiff, and also jurisdiction to give full and complete relief by according every remedy known either to law or equity. That distinguishes this case from *Wiedeman Brewing Co.*, v. *Herman*, *supra*. The case of *Brown* v. *Brown Automatic Coupling Hose Co.*, 18 C. C. (N. S.) 328, is distinguishable from the case at bar in that no ultimate relief was *prayed for*. The court so states in this language:

"But on examining the claims which he makes, and the prayer of the petition, we are unable to find that he is entitled to or *claims any final judgment* in this action."

In the case at bar the plaintiff alleges that he is a creditor, that his claim is past due, and he prays for judgment for that amount which was not prayed for in *Brown* v. *Brown Automatic Coupling Hose Co.*, *supra*.

The most recent case in Ohio on this subject cited as supporting the intervenor's position is *Hoiles* v. *Watkins*, 117 O. S. 165. The distinction between that case and the case at bar is that it was purely and simply a controversy among stockholders. There was no pending case "for any ultimate relief", whereas the case at bar the plaintiff is a creditor and clearly entitled to a judgment on the confession of the defendant. The plaintiffs in that case were the minority stockholders and not creditors, and the question presented was whether or not the court would wrest the control of the corporation from the majority stockholders. The corporation through its then officers was willing that that should be done, and so answered. It is manifest that the board of directors as then constituted was in sympathy with the minority stockholders, and that upon the expiration of their term they would be ousted by the majority stockholders. The court held in that case that the petition stated no cause for primary relief, and that inasmuch as the receivership was an

ancillary remedy and that that was the sole object of that action, it could not be maintained. The defendant other than the corporation was the majority stockholder as well as a creditor in a large sum. That the court had in mind the distinction between that case, and such a case as the one at bar, is shown by the language of the court at page 177, to-wit:

"It is to be noted that no creditor is a party to this action; that no judgment has been taken against the corporation, or levy made upon any of its assets, or is any execution in the hands of the officers of the court for that purpose."

It is true in that language the court speaks of judgment and levy, but it first took notice that no creditor was a party to the action, and it was not considering there whether or not the corporation could waive the necessity of a simple contract creditor first reducing his claim to judgment and exhausting his legal remedy by execution before invoking the jurisdiction of equity, and, of course, the court did not mean to say that the Common Pleas court having full law and equity jurisdiction could not exercise all that jurisdiction in one action in the absence of objection, and on the express consent of the defendant.

A creditor of a corporation unable to pay its debts as they mature, and which is therefore being pressed by its other creditors, is compelled to recognize that if he and the other creditors pursue their legal remedy of judgment and execution, it will only result in voidable preferences, litigation and bankruptcy. A debtor corporation in that condition, on the other hand, knows that if it attempts to resist, it will only postpone the evil day of bankruptcy. It knows that the creditors having complied with the conditions precedent of judgment and execution, are entitled to have its assets administered by a court of competent jurisdiction for the benefit of all creditors and stockholders. They both know that the Common Pleas court of this state has all the jurisdiction requisite to satisfy the condition precedent of judgment and execution, and afford the ultimate equitable distribution to those entitled. What could be more sensible than that

they should consent to the immediate exercise of the final- jurisdiction, and that the court should act upon that consent? Courts clothed with the jurisdiction have considered it wise policy to exercise it under such circumstances.

The Supreme Court in *Hoiles* v. *Watkins* had no intention of repudiating the soundness of that long line of decisions by the Supreme Court of the United States and other Federal courts, some of which have already been cited, to the effect that a defendant may waive the objection that the plaintiff has not exhausted his remedy at law before resorting to equity. If it had any such intention, it would have reviewed those cases and pointed out the defect in the reasoning of the courts.

*Sweesy* v. *Potter Oil Co.,* 38 Oh. App., 206; 176 U. S. 124, is likewise distinguishable, because in that case the defendant did not consent to the appointment, but contested it, and for the further reason that the defendant was an individual and not a corporation.

In *Callahan* v. *Ice Co.,* 13 U. C. 479, the defendant corporation resisted the appointment of a receiver, and therefore falls in the class with *Sweesy* v. *Potter Oil Co., supra.*

*Valve Co.,* v. *Williams,* 25 C. C. (N. S.) 497, is similar to *Hoiles* v. *Watkins, supra,* and is therefore not an authority in support of the contention of the intervenor. The same is true of *De Lacroix* v. *Eid Concrete Steel Co.,* 8 N. P. (N. S.) 489.

In *Thompson on Corporations,* Vol. 8 p. 429 and 430, it is said:

"Creditors may also sue for the appointment of receivers, and it is not necessary that they should be judgment creditors."

In *Fletcher Cyclopedia Corporations,* Vol. 8, p. 8851, this is said on the subject of waiver:

"The objection that the creditor suing has no lien may be waived by the corporation by failure to promptly urge the objection."

In *Clark on Receivers,* (2nd Ed.) chapter 5 covering thirty-nine pages, is devoted to a discussion of the right of a simple contract creditor to have a receiver appointed. Section 188 of that chapter is taken up with a discussion of such right upon consent of defendant corporation. The author takes the position that the simple contract creditor has the right to a receiver under such circumstances. He cites *Hoiles* v. *Watkins, supra,* and it is manifest from the text that he does not consider that case as deciding to the contrary.

The court in *Hoiles* v. *Watkins, supra,* cited *Clark on Receivers,* (1st Ed.) in support of its decision, and also *Couse's Ohio Private Corporation,* p. 2180. Turning to page 2180 of Couse, we find this language:

"But the defense that the plaintiff has not exhausted his remedy at law, or is not a judgment creditor, may be waived by the defendant."

The author cites many of the Federal cases to support the text.

In 34 *Cyc.,* 106, also cited in *Hoiles* v. *Watkins, supra,* in a foot-note is collected the Federal cases that had been decided up to that time.

An examination of the cases cited in *Hoiles* v. *Watkins, supra,* discloses that they are either stockholder's suits, or actions against a non-corporation defendant. None of them is by a creditor against a corporation that had consented to the appointment. This clearly shows that the court had in mind at all times the specific facts of the case before it, and what it said in the syllabus and opinion must be construed in the light of such facts.

Furthermore, in distinguishing the facts in *Richey* v. *Brett,* 112 O. S. 582, the court at 181 pointed out that the plaintiffs in that case were creditors.

The court has concluded that there is no special or different rule in Ohio from the rule dictated by the usages of equity and that therefore, this question should be determined by the application of such rule.

The defendant having waived the objection, such waiver is final and conclusive, and binding upon not only

the defendant but all of its creditors and stockholders. This point has been decided frequently by the Federal courts as has been cited by Mr. Justice Lurton in *Pere Marquette, supra,* at page 634, heretofore quoted. See also *Cincinnati Equipment* v. *Degnan, supra,* at page 841, and other cases cited.

The motion is overruled.

The inherent weakness in all actions in the nature of administration suits is the tendency to prolong them unduly. This tendency should be resisted in the interest of those not parties of record who are as vitally interested as the parties of record, who have assumed to act in their behalf. A regard for their interest requires a speedy administration. Therefore, the court directs the parties, and their counsel, to proceed at once to take such proceedings as will afford the relief sought for the benefit of all, or in the alternative this action will be dismissed, so that each individual interested in the subject matter may pursue such remedies on his own behalf as he may see fit to avail himself of without being met by the obstruction of the assets being in *custodia legis.*